**ERWIN, ADMR., APPELLEE, *v.* BRYAN ET AL.; SWOGER ET AL., APPELLANTS.**

**[Cite as *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202.]**

*Civ.R. 15 — Name of party unknown — Pursuant to Civ.R. 15(D), a complaint against a party whose name is unknown must describe the defendant and a summons containing the words "name unknown" must be personally served on the defendant — Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed.*

(No. 2009-0580 — Submitted January 12, 2010 — Decided May 25, 2010.)

APPEAL from the Court of Appeals for Tuscarawas County,

No. 08-CA-28, 2009-Ohio-758.

_____

**SYLLABUS OF THE COURT**

1. Pursuant to Civ.R. 15(D), a complaint against a party whose name is unknown must describe the defendant and a summons containing the words "name unknown" must be personally served on the defendant.

2. Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed.

_____

**O'DONNELL, J.**

{¶ 1} Civ.R. 15(D) provides that when a plaintiff does not know the name of a defendant, the defendant may be designated in a complaint by any name and description. It also provides, however, that a plaintiff must aver in the

complaint that the name of the defendant could not be discovered, that the summons issued must contain the words "name unknown," and that a copy of the summons must be personally served on the defendant.

**{¶ 2}** Civ.R. 15(D) cannot be used to prosecute this action against William V. Swoger, D.O., and his professional corporation, Union Internal Medicine Specialties, Inc. ("UIMS"), because at all times relevant to this proceeding the claimant, Cora Erwin, knew Swoger's name. Even if she did not know his name, the effort to use Civ.R. 15(D) to designate Swoger and UIMS as John Doe defendants did not meet the requirements of the rule in that the description of the John Doe defendants did not provide sufficient identification to permit a copy of the summons containing the words "name unknown" to be personally served upon Swoger or UIMS. And, in fact, no summons containing the words "name unknown" was ever issued or personally served.

**{¶ 3}** Rather, Cora attempted to use Civ.R. 15(D) to name, without adequately describing, John Doe defendants; she did not request that a summons issue containing the words "name unknown"; nor did she serve such a summons on any party. After the two-year statute of limitations for wrongful death had expired, Cora learned during the discovery deposition of Joseph E. Bryan, M.D., of Swoger's possible culpability. Cora then amended the complaint to add Swoger and UIMS, whom she identified as two of the John Doe defendants named in the original complaint. This, however, is an improper use of the rule. Pursuant to Civ.R. 15(D), a complaint against a party whose name is unknown must describe the defendant, and a summons containing the words "name unknown" must be personally served on the defendant.

**{¶ 4}** To construe the rule to allow the use of placeholders for unidentified defendants would eliminate the statute of limitations for every cause of action. That is not the purpose of Civ.R. 15(D), and any indication that such a use is sanctioned by the court is disavowed. The Rules of Civil Procedure are

2

promulgated to govern the procedural aspects of litigation. Establishing state policy, including imposing a statute of limitations for a cause of action such as wrongful death, is the province of the legislative, not the judicial, branch of government. Neither the Rules of Civil Procedure nor our case law ought be interpreted or understood to set policy or change existing statutes of limitation for causes of action.

{¶ 5} For these reasons, the judgment of the court of appeals is reversed, and the judgment of the trial court granting summary judgment in favor of Swoger and UIMS is reinstated.

### Facts and Procedural History

{¶ 6} On June 29, 2004, 52-year-old Russell Erwin awoke after midnight appearing feverish and disoriented, and he began to convulse. His wife, Cora, called 9-1-1. Paramedics responded, found Erwin unconscious, and transported him to Union Hospital, where he entered the intensive care unit ("ICU") as a patient of Joseph E. Bryan, M.D., who was on call at the hospital at that time. Because Erwin remained unconscious and seizing, Bryan ordered him sedated.

{¶ 7} Bryan also sought a consultation by William V. Swoger, D.O., to evaluate Erwin's intermittent airway obstruction, and, in his report, Bryan noted that Erwin had a family history of deep venous thrombosis and pulmonary embolism. However, Bryan's impression was that Erwin suffered from alcohol-withdrawal syndrome.

{¶ 8} Swoger inserted a breathing tube for Erwin because of the upper airway obstruction, which Swoger believed had been caused by the sedation and Erwin's unresponsiveness. Cora, a housekeeping employee at the hospital, recognized Swoger and observed him caring for her husband. On the basis of his examination and his discussion with Bryan, Swoger diagnosed Erwin as suffering from acute respiratory failure. His report concluded: "Critical care time was 80

minutes.  Thanks for allowing [me] to participate in his care. I will follow him in the ICU setting and give further advice as warranted."

{¶ 9}   Bryan continued to treat Erwin for alcohol-withdrawal syndrome, and as hospital staff ceased sedating him, Erwin regained consciousness, and the breathing tube was removed.   When Erwin's condition improved, Paul W. McFadden, M.D., his family doctor, assumed responsibility for his care. McFadden discharged Erwin from the hospital on July 6, 2004, and prepared a report in which he indicated a diagnosis of seizures secondary to alcohol withdrawal.  In his report, McFadden noted that "Dr. Swoger was consulted who assisted in helping manage the respirator."

{¶ 10} While recovering at home the next week, Erwin continued to experience fatigue and complained of nausea.  On July 15, 2004, his wife heard a loud noise coming from another room and discovered Erwin convulsing on the floor.   She called 9-1-1, but when paramedics arrived, they found him unresponsive and without a pulse.   They transported him to Union Hospital, where attempts at resuscitation proved unsuccessful.   Cora alleges that an autopsy revealed a massive and fatal pulmonary thromboembolism with evidence of both recent and organizing peripheral thromboemboli.

{¶ 11} On July 10, 2006, a few days before the expiration of the statute of limitations for wrongful death, Cora, individually and as administrator of her husband's estate, filed a complaint against Bryan, his professional corporation, the Union Hospital Association, "John Doe, M.D. No. 1 through 5 (whose real names and addresses are unknown at the time of filing this Complaint despite Plaintiffs' Best and Reasonable Efforts to Ascertain Same)," and the professional corporations of each John Doe, M.D., alleging that the medical providers negligently failed to timely diagnose and treat Erwin for the pulmonary embolism, resulting in his death.   Significantly, no John Doe defendant was personally

4

served with a summons containing the words "name unknown" before the expiration of the statute of limitations.

{¶ 12} On September 21, 2006, Cora received the Union Hospital medical records. In his deposition on February 7, 2007, Bryan revealed that he had consulted with Swoger to evaluate Erwin's respiratory status and that he and Swoger understood that Swoger would manage Erwin's critical care.

{¶ 13} Thereafter, on June 29, 2007, Cora moved to amend her complaint to substitute Swoger and UIMS, for John Doe, M.D., and John Doe, M.D., Professional Corporation, asserting that she had only recently learned of Swoger's role in her husband's care during the discovery deposition of Bryan. She served the summons and complaint on Swoger and UIMS on June 29, 2007.

{¶ 14} The trial court granted leave to amend the complaint, and Cora filed an amended complaint. A week later, she filed an affidavit of Joseph Caprini, M.D., who averred that he had reviewed Erwin's medical records and that in his professional opinion Union Hospital, Bryan, and Swoger breached the standard of care and caused the alleged injuries.

{¶ 15} The trial court entered summary judgment in favor of Swoger and UIMS, finding that the claims were time-barred and that Civ.R. 15(D) did not apply.

{¶ 16} On appeal, the Fifth District Court of Appeals reversed, holding that a plaintiff who is unaware of the culpability of a particular person at the time of filing the complaint may rely on Civ.R. 15(D) to designate a defendant by a fictitious name, explaining that "a person's name may be 'known' to a plaintiff, but be 'unknown' as a defendant for purposes of litigation." *Erwin v. Bryan*, Tuscarawas App. No. 08-CA-28, 2009-Ohio-758, ¶ 36. Based on this reasoning, the court concluded that until Cora deposed Bryan, "she had no reason to believe that Swoger's conduct was potentially negligent." Id. at ¶ 37.

{¶ 17} Swoger and UIMS appealed that decision to this court, contending that Cora's first amended complaint does not relate back to the filing of the original complaint and is therefore barred by the two-year statute of limitations for wrongful-death actions. They further contend that Civ.R. 15(D) does not permit her to designate Swoger by a fictitious name, because she knew both his name and his involvement in her husband's care at the time she filed the original complaint. Instead, they maintain that she had a duty to identify all potential tortfeasors prior to the expiration of the statute of limitations and that her lack of diligence in seeking counsel, obtaining medical records, and determining Swoger's potential culpability has resulted in her complaint being time-barred.

{¶ 18} In this court, Cora maintains that the first amended complaint naming Swoger and UIMS relates back to her timely filed original complaint. She asserts that a plaintiff does not know the name of a defendant for purposes of Civ.R. 15(D) until the plaintiff knows of the culpability of that party. She notes that she did not have all of her husband's medical records at the time she filed her complaint, and she argues that even after receiving those records, "not even a clairvoyant could have predicted that Dr. Swoger could be held responsible" until Bryan "began to deflect blame toward others during his deposition." She urges the court to hold that a defendant in a medical-malpractice action is "known" for purposes of Civ.R. 15(D) when the actionable conduct could have been sufficiently understood to permit the plaintiff to obtain an affidavit of merit from a medical expert.

{¶ 19} Cora and amicus curiae Ohio State Bar Association suggest that a contrary holding will result in every health-care provider mentioned in a patient's medical records being named in medical-malpractice actions. However, pursuant to Civ.R. 10(D)(2), an affidavit of merit is required to establish the adequacy of a medical complaint, and the failure to file an affidavit of merit renders it subject to dismissal for failure to state a claim upon which relief can be granted. See

*Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 13. The affidavit-of-merit requirement thus prevents the filing of medical claims that are not supported by an expert's opinion, and it deters filing actions against all medical providers who cared for a patient.

{¶ 20} Accordingly, in this case, we focus our attention on the use of Civ.R. 15(D) to name a John Doe defendant in a complaint and to later amend that complaint after the expiration of the statute of limitations to identify and serve a new party to the action.

### Amendment Where the Name of a Defendant is Unknown

{¶ 21} Civ.R. 15(D) provides: "*When the plaintiff does not know the name of a defendant*, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant." (Emphasis added.)

{¶ 22} As we explained in *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 23, "To interpret court rules, this court applies general principles of statutory construction. * * * Therefore, we must read undefined words or phrases in context and then construe them according to rules of grammar and common usage." If a court rule is unambiguous, we apply it as written. *State ex rel. Potts v. Comm. on Continuing Legal Edn.* (2001), 93 Ohio St.3d 452, 456, 755 N.E.2d 886.

{¶ 23} According to its unambiguous language, Civ.R. 15(D) provides that a plaintiff may designate a defendant in a complaint by any name and description when the plaintiff does not know the *name* of that party. Thus, Civ.R. 15(D) does not permit a plaintiff to designate a defendant by a fictitious name

when the plaintiff actually knows the name of that defendant. Further, when a plaintiff designates a defendant by a fictitious name, Civ.R. 15(D) requires that the plaintiff provide a *description* of the defendant in the pleadings and aver in the complaint the fact that the plaintiff could not discover the name. The rule also directs that the summons contain the words "name unknown" and be personally served on the defendant.

{¶ 24} We previously construed Civ.R. 15(D) in *Varno v. Bally Mfg. Co.* (1985), 19 Ohio St.3d 21, 19 OBR 18, 482 N.E.2d 342, holding that "the application of Civ.R. 15(D) is limited to those cases in which the defendant's identity and whereabouts are known to the plaintiff, but *the actual name of the defendant is unknown*." (Emphasis added.) Id. at 24. We explained: "Civ.R. 15(D) is clear; the complaint must sufficiently identify the unknown defendant so that personal service can be obtained upon filing the lawsuit." Id.

{¶ 25} Our holding in *Varno* has been superseded on other grounds by an amendment to Civ.R. 3(A), but it should be noted that Civ.R. 15(D) has not been amended.[1] Further, nowhere in our decision in *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208, in which we suggested that *Varno* had been negated by the amendment to Civ.R. 3(A), did we overrule the holding in *Varno* that Civ.R. 15(D) applies only when the plaintiff has identified but does

---

1. In *Varno*, we also held that "where a complaint is filed which designates certain defendants by fictitious names, the cause of action is barred by the statute of limitations if the original complaint or an amended complaint substituting the actual names of the defendants is not personally served within the limitations period." Id., at the syllabus. Subsequent to our decision in *Varno*, this court amended Civ.R. 3(A) to specify that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." Thereafter, in *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208, we recognized that this amendment had "effectively negate[d] our holding in *Varno*," id. at 58, fn. 1., and stated that "the use of a fictitious name with subsequent correction, by amendment, of the real name of a defendant under Civ.R. 15(D) relates back to the filing of the original complaint and * * * service must be obtained within one year of the filing of the original complaint. Under Civ.R. 3(A), as amended, service does not have to be made on the formerly fictitious, now identified, defendant within the statute of limitations as long as the original complaint has been filed before expiration of the statute of limitations." Id. at 59.

not know the actual name of the defendant. Rather, *Amerine* stands only for the proposition that a plaintiff may benefit from the one-year period allowed in Civ.R. 3(A) to perfect personal service upon the fictitiously named defendant *if the plaintiff has otherwise complied with Civ.R. 15(D)* in filing the complaint. *Amerine*, 42 Ohio St.3d at 58, 537 N.E.2d 208; see also *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, ¶ 15 (holding that an amended complaint substituting the real name for a fictitiously named defendant does not relate back to the filing of the original complaint if the summons does not contain the words "name unknown" and is not personally served).

**{¶ 26}** The construction of Civ.R. 15(D) that we articulated in *Varno* accords with the principle that a plaintiff has the duty to identify the negligent party once an injury has been discovered and the claim has accrued. As we explained in *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 550, 589 N.E.2d 1284, "The identity of the practitioner who committed the alleged malpractice is one of the facts that the plaintiff must investigate, and discover, once she has reason to believe that she is the victim of medical malpractice." Once the claim has accrued, the failure of the plaintiff to learn the identity of an allegedly negligent party does not delay the running of the statute of limitations. Id.

**{¶ 27}** In promulgating Civ.R. 15(D), we did not relieve a plaintiff of the duty to identify culpable parties, nor did we extend the two-year statute of limitations established by R.C. 2125.02(D)(1) for a wrongful-death claim premised on medical malpractice when a claimant has not timely identified culpable parties.

**{¶ 28}** Notably, the Modern Courts Amendment of 1968, Section 5(B), Article IV, Ohio Constitution, empowers this court to create rules of practice and procedure for the courts of this state. As we explained in *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, Section

5(B), Article IV "expressly states that rules created in this manner 'shall not abridge, enlarge, or modify any substantive right.' " Id. at ¶ 17. "Thus, if a rule created pursuant to Section 5(B), Article IV conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." Id.

**{¶ 29}** The existence and duration of a statute of limitations for a cause of action constitutes an issue of public policy for resolution by the legislative branch of government as a matter of substantive law. See *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 22; *Howard v. Allen* (1972), 30 Ohio St.2d 130, 137, 59 O.O.2d 148, 283 N.E.2d 167, quoting *Chase Securities Corp. v. Donaldson* (1945), 325 U.S. 304, 314, 65 S.Ct. 1137, 89 L.Ed. 1628; see also *State v. Slatter* (1981), 66 Ohio St.2d 452, 455, 20 O.O.3d 383, 423 N.E.2d 100, fn.4 (an "indicant of substantive law is the magnitude of the change in public policy found in a rule or statute"). Cf. *State v. Hughes* (1975), 41 Ohio St.2d 208, 70 O.O.2d 395, 324 N.E.2d 731, syllabus (invalidating court rule enlarging prosecution's statutory right of appeal).

**{¶ 30}** We cannot, through a court rule, alter the General Assembly's policy preferences on matters of substantive law, and Civ.R. 15(D) therefore may not be construed to extend the statute of limitations beyond the time period established by the General Assembly. Instead, Civ.R. 15(D) is designed with the limited purpose of accommodating a plaintiff who has identified an allegedly culpable party but does not know the name of that party at the time of filing a complaint. Thus, Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed.

**{¶ 31}** Accordingly, a plaintiff may use Civ.R. 15(D) to file a complaint designating a defendant by any name and designation when the plaintiff does not

know the *name* of that defendant, provided that the plaintiff avers in the complaint that the name could not be discovered, the summons contains the words "name unknown," and that summons is personally served on the defendant. Although the plaintiff may designate a defendant whose name is unknown by "any name and description," the complaint must nonetheless sufficiently identify that party to facilitate obtaining personal service on that defendant upon the filing of the complaint.

### Application of Civ.R. 15(D)

{¶ 32} The complaint here does not satisfy the requirements of Civ.R. 15(D).

{¶ 33} First, Cora knew Swoger's name at the time she filed the original complaint by virtue of her employment at Union Hospital, and she recognized him when he provided care to her husband. She also knew that her husband's death may have resulted from malpractice, her duty to investigate the identity of alleged tortfeasors arose at that time, and the two-year statute of limitations for wrongful-death actions controls the timeliness of the discovery of Swoger's alleged culpability. Notably, Caprini, the expert who examined records for Cora, averred that his review of the medical records supported his opinion that Swoger acted negligently. Because Cora knew Swoger's name, she did not have the option to designate him as a John Doe defendant in the original complaint, notwithstanding the fact that she had not identified him as being responsible for her husband's death.

{¶ 34} Second, even if Cora had not known the names of Swoger or his professional corporation, UIMS, the original complaint did not provide a description that sufficiently identified either so that personal service could be obtained upon the filing of the complaint, as the rule directs. Cora brought this action using the generic description of a doctor licensed in Ohio, whose actions caused her husband's death, and that doctor's professional corporation. She

therefore did not identify an individual or entity that could be personally served with the summons as contemplated by Civ.R. 15(D), nor did she attempt personal service on the fictitiously named defendants using descriptions provided in her complaint.

{¶ 35} Accordingly, because she failed to comply with Civ.R 15(D), the amended complaint does not relate back to the timely filed original complaint, and Cora therefore did not commence her action against Swoger and UIMS before the statute of limitations expired.

{¶ 36} Lastly, we have considered the views of our dissenting colleague and examined the authority on which he relies, Chief Justice Celebrezze's dissenting opinion in *Varno*. A careful reading of that dissent reveals that Chief Justice Celebrezze's view comports with our interpretation of the Rules of Civil Procedure. Notably, Chief Justice Celebrezze stated the following in his dissent:

{¶ 37} "I agree that Civ.R. 15(D) will not save appellant's complaint as that rule is designed to afford relief for a plaintiff who 'does not know, and is unable to discover, defendant's first name. He may file the action against defendant in defendant's last name and later amend in order to set forth defendant's full name.' Staff Notes to Civ.R. 15(D). Rule 15(D) is not found in the Federal Rules and is but a rule of convenience. *Id.*" *Varno*, 19 Ohio St.3d at 25, 19 OBR 18, 482 N.E.2d 342 (Celebrezze, C.J., dissenting).

{¶ 38} Thus, the former chief justice has squarely anticipated the issue presented in this case and recognized that Civ.R. 15(D) requires the identification of a potential defendant prior to filing the complaint. Civ.R. 15(D) merely allows the complaint to be filed and service to made on an identified party whose name is not known.

{¶ 39} However, recognizing that a claimant may not be able to identify all culpable parties at the time of filing a complaint, we point out that nothing in our opinion should be construed to prevent amendment of a timely filed complaint

before the expiration of the statute of limitations. See Civ.R. 15(A) (allowing a party to amend a pleading by leave of court); Civ.R. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just"); see also *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 16, 36-37 (holding that the trial court has discretion to refuse to allow amendment to add new party defendants when the plaintiff's claims against them are, on their face, "wholly futile"). Nor should this opinion be construed to limit application of Civ.R. 34(D), which permits a plaintiff, prior to the filing of an action, to file a petition for discovery to ascertain the identity of a potential adverse party, or R.C. 2317.48, which authorizes an action to discover facts from a potential adverse party necessary to file a complaint.

### Conclusion

{¶ 40} A claimant may use Civ.R. 15(D) to file a complaint designating a defendant by any name and designation when the plaintiff has identified but does not know the *name* of that party, provided that the plaintiff avers in the complaint that the name of the defendant could not be discovered and a summons containing the words "name unknown" is issued and personally served on the defendant. Although a plaintiff may designate a defendant whose name is unknown by any name and description, the complaint must nonetheless sufficiently identify that specific party so that personal service may be made upon its filing.

{¶ 41} The appellate court decision did not account for the requirements of this rule. Accordingly, that judgment is reversed, and the judgment of the trial court is reinstated.

Judgment accordingly.

LUNDBERG STRATTON, O'CONNOR, LANZINGER, and GRENDELL, JJ., concur.

PFEIFER, J., dissents.

13

BROWN, C.J., not participating.

DIANE V. GRENDELL, J., of the Eleventh Appellate District, sitting for CUPP, J.

_____

**PFEIFER, J., dissenting.**

{¶ 42} "In this case appellant unquestionably filed the complaint within the applicable statute of limitations. The complaint was later amended to include the correctly identified defendants but was nevertheless served within one year after the original complaint was filed on the defendants originally named and those initially described as unknown. Appellees received the *exact* same notice they would have received had appellant correctly named them in the original caption and then served them within the time provided for service in Civ.R. 3(A).

{¶ 43} "I believe the majority's hypertechnical reading of our Civil Rules, to require service on unknown defendants within the statute of limitations, is unjustified, as such a construction imposes a greater hardship on a plaintiff who can not identify a defendant than on a plaintiff who can identify him. Rule 3(A) allows service on a *known defendant after* the statute of limitations has run so long as it is served within one year of the complaint's filing (the action is deemed commenced at filing). However, the majority's inconsistent application of the rules' interaction demands service on an *unknown defendant prior* to the running of the statute of limitations and makes no allowance for Civ.R. 3(A)'s post-filing period. Clearly, Rule 15(C) was designed to assist plaintiffs by allowing amendments to relate back to the time of the original filing and was not intended to add yet another obstacle in the path to the courthouse. 'Because of relation back, the intervening statute of limitation does not interfere with the opportunity to amend.' Staff Notes to Civ.R. 15(C)." (Emphasis sic and footnote omitted.) *Varno v. Bally Mfg. Co.* (1985), 19 Ohio St.3d 21, 25-26, 19 OBR 18, 482 N.E.2d 342 (Celebrezze, C.J., dissenting).

**{¶ 44}** I can't offer a more coherent or concise explanation of why the court is as wrong today as it was in 1985.  I dissent.

_____

Paul W. Flowers Co., L.P.A., and Paul W. Flowers; and Becker & Mishkind Co., L.P.A., Ronald Margolis, and Jessica A. Perse, for appellee.

Hanna, Campbell & Powell, L.L.P., and Rocco D. Potenza, for appellants.

Marianna Brown Bettman, William K. Weisenberg, and Eugene P. Whetzel, urging affirmance for amicus curiae Ohio State Bar Association.

Rourke & Blumenthal, L.L.P., Jonathan K. Stoudt, and Michael J. Rourke, urging affirmance for amicus curiae Ohio Association for Justice.

Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget Purdue Riddell, urging reversal for amici curiae Ohio State Medical Association, Ohio Hospital Association, and Ohio Osteopathic Association.

_____