[Cite as *Shade v. Kaiser*, 2012-Ohio-4979.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

THOMAS A. SHADE                               :

     Plaintiff-Appellant                  :        C.A. CASE NO. 24974

vs.                                           :        T.C. CASE NO. 2005-CV-8366
                                          2007-CV-2796

GEORGE M. KAISER, D.O., et al.                :

                                           (Civil Appeal from the
     Defendants-Appellees                 :    Common Pleas Court)

· · · · · · · · ·

**O P I N I O N**

Rendered on the 26th day of October, 2012.

· · · · · · · · ·

Dwight D. Brannon, Atty. Reg. No. 0021657, 130 West Second Street, Suite 900, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant Thomas A. Shade


Karen L. Clouse, Atty. Reg. No. 0037294, 580 Lincoln Park Boulevard, Suite 222, Dayton, Ohio 45429
     Attorney for Defendants-Appellees George M. Kaiser, D.O., Nancy Hogan CNP and Kaiser Medical Corp.

· · · · · · · · ·

GRADY, P.J.:

## I.  INTRODUCTION

{¶ 1}  This matter is before the court on a notice of appeal filed by Plaintiff, William Smead, administrator of the estate of his son, Thomas Shade, from summary judgments for

Defendants, George M. Kaiser, D.O., Kaiser Medical Corporation, and Nancy Hogan, a nurse, on medical and nursing malpractice claims. The court granted summary judgments on Defendants' statute of limitations defense.

{¶ 2} Plaintiff claims that his action, which was refiled after the one-year statute of limitations for malpractice claims expired, was nevertheless timely filed pursuant to Ohio's savings statute, R.C. 2305.19, because the action related back to an earlier action Plaintiff had filed in federal court that failed otherwise than on the merits.

{¶ 3} We find that the present action does not relate back because Defendants were not parties to the prior action, and may not be substituted for "John Doe" defendants named in the prior action. Therefore, we will affirm the judgment from which the appeal was taken.

## A. STATEMENT OF FACTS

{¶ 4} On August 26, 2002, Thomas Shade was arrested and incarcerated in the Middletown City Jail. While in jail, Shade manifested serious medical problems. He was examined by a nurse, Nancy Hogan, who was employed by and acted under the directions of George M. Kaiser, D.O., who provided medical services to jail inmates pursuant to a contract with the City of Middletown.

{¶ 5} Shade's condition worsened over the next several days, during which he was seen several more times by Nurse Hogan. Shade was removed to a hospital on August 30, 2002. Shade fell into a month-long coma resulting from West Nile Encephalitis. He was left a quadriplegic as a result.

## B. PROCEDURAL HISTORY

{¶ 6} Shade was last examined by Nurse Hogan on August 29, 2002. One year later, on August 29, 2003, Shade commenced an action in United States District Court on six

causes of action. Five of those claims alleged either federal civil rights violations and/or common law breaches of duty of ordinary care. The sixth cause of action alleged:

38. Plaintiff states that the Defendants, jointly and/or severally, negligently departed from the accepted standards of medical care and treatment in their care and treatment of him.

39. Further pleading, Plaintiff states that as a direct and proximate result of the Defendants joint and/or several departures from the accepted standards of medical care, their negligence and malpractice as aforesaid, he sustained permanent injuries; that in the care and treatment of his injuries, he has been required to submit to numerous and extensive examinations, surgery, treatments, hospitalizations, including the taking of medications in an effort to control conditions from which he suffers; that he has incurred medical and pharmaceutical expenses to date hereof in an amount yet to be determined; that he will be required to incur additional medical expenses in the future to an extent which cannot be determined, nor which reasonable diligence ascertained at this time; that his injuries are permanent and disabling; that he has been deprived of his ability to enjoy life; that he has suffered a loss of income in an amount yet to be determined, and that he continues to suffer from pain and emotional distress.

40. The conduct of the Defendants, jointly and severally, in departing from the standards of care and exhibiting extreme indifference toward the care of the

Plaintiff that was extremely likely to result in injury was reckless, wanton and legally malicious.

{¶ 7} The Defendants named in Shade's federal action were: the City of Middletown, Ohio; Bill Becker, Middletown Chief of Police; "John Does #1 and #2, Middletown officers who arrested Plaintiff, Thomas A. Shade;" and "Other John Does who were Middletown jail personnel and who may be responsible for the Constitutional and Statutory Violations as well as the Common Law Tort's alleged hereinafter."

{¶ 8} Plaintiff deposed Dr. Kaiser and Nurse Hogan in September of 2004. In the course of their depositions, Plaintiff learned that they were not employees of Middletown, and that Dr. Kaiser was an independent contractor and Nurse Hogan his employee. Thereafter, on October 11, 2004, Plaintiff moved to amend his federal complaint to add Kaiser and Hogan as parties defendant.

{¶ 9} The federal district court did not expressly rule on Plaintiff's motion to amend his complaint. Instead, the court, on March 31, 2005 dismissed Plaintiff's federal civil rights claims, with prejudice. The court also dismissed Plaintiff's state law claims, but without prejudice. Ten months later, on November 1, 2005, Plaintiff commenced an action on those state law claims in the common pleas court. Included as defendants were Kaiser, Hogan, and Kaiser's professional corporation, Kaiser Medical Corporation (hereinafter "Kaiser").

{¶ 10} On April 6, 2006, Defendants Kaiser and Hogan moved for summary judgment on their statute of limitations defense to Plaintiff's claims for medical and nursing malpractice, arguing that Plaintiff's claims are barred by the one-year statute of limitations, R.C. 2305.113. Plaintiff argued that his claims were timely filed pursuant to the "savings

statute," R.C. 2305.19, by which they relate back to the federal action that was timely filed. The trial court overruled the Defendant's motions on April 13, 2007.

{¶ 11} Following Thomas Shade's death on January 15, 2007, his father, the administrator of Shade's estate, filed a wrongful death/survivorship action predicated on the same malpractice claims. That case was consolidated with the case Shade previously filed, in which his administrator was substituted as the real party in interest.

{¶ 12} On April 28, 2008, Defendants asked the court to reconsider its decision denying their motions for summary judgment. The court denied the motion to reconsider on June 9, 2008.

{¶ 13} On September 9, 2011, Defendants again asked the court to reconsider its decision. This time the court did, and agreed with Defendants Kaiser and Hogan that Plaintiff's malpractice action was not timely filed. The court granted summary judgments for Kaiser and Hogan and certified its judgment for review per Civ. R. 54(B). Plaintiff appeals.

## II. LEGAL ANALYSIS

{¶ 14} ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO DEFENDANTS KAISER, HOGAN AND KAISER MEDICAL CORPORATION."

{¶ 15} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ. R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 375 N.E.2d 46(1978). All evidence submitted in connection with a motion

for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First National Bank & Trust Co.*, 21 Ohio St.2d 25, 254 N.E.2d 683 (1970). In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. *Osborn v. Lyles,* 63 Ohio St.3d 326, 587 N.E.2d 825(1992). Further, the issues of law involved are reviewed de novo. *Nilavar v. Osborn,* 127 Ohio App.3d 1, 711 N.E.2d 726 (1998).

{¶ 16} Plaintiff-Appellant presents four issues in relation to the error assigned. Those issues will be considered in the order in which they are presented.

ISSUE ONE

{¶ 17} "THE TRIAL COURT ERRED BY OVERTURNING THE DECISION OF THE PREVIOUS JUDGE ASSIGNED TO THE CASE."

{¶ 18} "Regarding a summary judgment motion, an order overruling such a motion is subject to revision by the trial court at any time prior to entry of final judgment, and the court may correct an error upon a motion for reconsideration predicated upon the same law and facts." *Poluse v. Younstown*, 135 Ohio App.3d 720, 725, 735 N.E.2d 505 (1999). The rule is unaffected by the "law of the case" doctrine, which requires trial courts to apply the law as previously decided by a reviewing court in the same case. *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984). There was no prior appellate review that constrained the trial court from applying the law as it did. Neither does it matter that the different decision upon reconsideration is made by a different judge, who, in this case succeeded to the position of the prior judge following his voluntary retirement.

{¶ 19} Plaintiff's contention lacks merit.

ISSUE TWO

{¶ 20} "MR. SHADE MISTAKENLY MISIDENTIFIED THE PROPER DEFENDANTS FOR HIS MEDICAL MALPRACTICE CLAIM."

{¶ 21} R.C. 2305.19, Ohio's savings statute, provides that if in an action timely commenced or attempted to be commenced the plaintiff fails otherwise than upon the merits after the applicable statute of limitations has expired, the plaintiff may recommence the same action within one year thereafter. The rule likewise applies to actions commenced in state court on claims for relief that previously failed otherwise than on the merits in a federal action. *Wasyk v. Trent*, 174 Ohio St. 525, 191 N.E.2d 58 (1963). Then, the issue is whether the later state action relates back to the federal action previously filed.

{¶ 22} Plaintiff commenced his action in common pleas court within one year after the claims for relief it involved had failed otherwise than on the merits on the federal action, and the federal action was timely filed. However, the state action named three parties defendants, Kaiser, Hogan, and Kaiser's professional corporation, who were not parties in the federal action. New parties may not be added pursuant to the savings statute, because the prior and subsequent actions are then not the same, and the refiled action is a new action for purposes of the applicable statute of limitations. *Cox v. Treadway*, 75 F.3d 230 (6th Cir., 1996). However, in a federal action, a different party may be substituted in a refiled action for a party mistakenly named in the prior action pursuant to Fed.R.Civ.P. 15(c), which states:

Relation Back of Amendments.

(1)  When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading when:

    (A)  the law that provides the applicable statute of limitations allows relation back;

    (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

    (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

{¶ 23} Fed.R.Civ.P. 4(m) requires service of notice and summons within 120 days after a complaint is filed.  There is no basis to find that Kaiser and/or Hogan were served with notice of the federal action within that time.  Therefore, Plaintiff's state action brought against Kaiser, Hogan, and Kaiser's corporation, can relate back to the date the federal action that was timely filed only if those Defendants "knew or should have known that the (federal)

action would have been brought against (them), but for a mistake concerning the proper party's identity."  Id.

{¶ 24} In *Krupski v. Costa Crociere S.p.A.*, _____ U.S. _____, 130 S.Ct. 2485, 2487, 177 L.Ed.2d 48 (2010), the Supreme Court explained the nature of the mistake that Fed.R.Civ.P. 15(c)(1)(C)(ii) contemplates, stating:

> [A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression.  That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

{¶ 25} Plaintiff relies on *Krupski* to argue that he mistakenly identified the City of Middletown as the party liable on the claims of medical and nursing malpractice in the sixth cause of action in the complaint Plaintiff had filed in federal court on August 29, 2003. Plaintiff contends that, at the time he filed his federal complaint, he believed that the persons responsible for the alleged malpractice were employees of Middletown.  Plaintiff further contends that the motion he filed in the federal action on October 11, 2004 to amend his federal complaint to add Kaiser and Hogan as defendants was an action against them "attempted to be commenced" for purposes of R.C. 2305.19, and that his state action relates back either or to both dates pursuant to Fed.R.Civ.P. 15(c)(1)(C)(ii).

{¶ 26} We agree that Plaintiff's motion to amend his complaint may be construed as an attempt to commence an action against Kaiser and Hogan.  However, that motion was filed on October 11, 2004, more than one year after Plaintiff's physician-patient relationship

with Kaiser and Hogan had terminated on August 29, 2002. Plaintiff cannot rely on the discovery alternative, because the filing of his federal action demonstrates notice of his claim for relief, and the action was filed on August 29, 2003, more than one year before Plaintiff's motion to amend was filed on October 11, 2004.

{¶ 27} The trial court did not consider *Krupski* or Plaintiff's reliance on it to support his claim that he had mistakenly identified Middletown instead of Kaiser and Hogan as liable parties on his malpractice claim. The reason for that is evident when one reviews Plaintiff's Response to Defendants' Motion for Reconsideration of Motion for Summary Judgment, filed on May 15, 2008 [Dkt. 37]. At page 2 of that document, Plaintiff contends: "Plaintiff had sought to join Defendants Kaiser, Hogan and Kaiser Medical in that (federal) action, <u>which originally named them as 'John Does</u>,' but their federal claims were decided on summary judgment before the motion to amend the complaint and <u>rename John Doe defendants</u> was decided." (Emphasis supplied). In other words, Plaintiff argued that Kaiser and Hogan were substituted for the Doe defendants, not for Middletown.

{¶ 28} In *Krupski*, the Supreme court clarified the operation of Fed.R.Civ.P. 15(c)in cases in which a plaintiff sues the wrong defendant. In allowing the amendment, the Supreme court broadly defined "mistake" as an error, misconception, or misunderstanding; an erroneous belief. *Id*, at 2494. By way of example, *Krupski* described a plaintiff who sues party A, rather than party B because of a misunderstanding regarding the roles that the potential defendants played in the transaction giving rise to the claim. The error or mistake involves suing one party while intending to sue another. *Krupski* does not apply to situations in which the plaintiff knows who he wants to sue, but does not know the intended defendants

names and instead sues John or Jane Does. In that event, Fed.R.Civ.P. 15(c)does not apply to cause a new complaint to relate back to the time of the initial complaint. *Flick v. Lake County Jail*, N.D. Ohio No. 1:10-CV-532, 2011 WL 3502366 (Aug. 10, 2011).

{¶ 29} Plaintiff did not misidentify the parties who had allegedly provided negligent medical care to Shade in the federal complaint Plaintiff filed. Instead, by naming John Doe parties, Plaintiff identified no real parties at all. In that circumstance, a motion to substitute a named defendant for a Doe defendant is equivalent to a request to add a new party, *Cox v. Treadway*, which cannot benefit from the savings statute. R.C. 2305.19.

{¶ 30} The Federal Rules of Civil Procedure nevertheless permit relation back when the state law which supplies the applicable statute of limitations permits amendment more liberally than the analogous federal rule. Ohio Civ. R. 15(D) provides: "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding may be amended accordingly." However, Civ. R. 15(D) does not permit John Doe defendants to act as placeholders in order to avoid the statute of limitations. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019. Therefore, Ohio law does not permit amendments which relate back more liberally than the federal rule, and Fed.R.Civ.P. 15(c)controls. *Wright v. County of Franklin, Ohio*, S.D. Ohio No. 2:10-CV-715, 2011 WL 3667397 (Aug. 22, 2011).

{¶ 31} We reject Plaintiff's contention that in naming the City of Middletown he mistakenly misidentified the parties he later sued in common pleas court, Kaiser and Hogan, per *Krupski*, for two reasons.

{¶ 32} First, in the trial court Plaintiff contended that he intended to substitute Kaiser and Hogan for the John Doe defendants named in his federal complaint, not to substitute Kaiser and Hogan for the City of Middletown. It is fundamental that error may not be assigned on appeal that was not raised in the trial court. *State ex rel. Quarto Mining v. Foreman*, 79 Ohio St.3d 78, 1997-Ohio-71, 679 N.E.2d 706.

{¶ 33} Second, by attempting to substitute Kaiser and Hogan for the John Doe defendants he named in his federal action, Plaintiff did not substitute a proper party for a party that was mistakenly identified for purposes of Fed.R.Civ.P. 15(c)(1)(C)(iii). *Krupski*. Rather, those substituted parties were new parties to the action, and the proposed amendment naming them is a new action that is not entitled to the benefit of the savings statute, R.C. 2305.19. *Cox v. Treadway*. Because the complaint naming Kaiser and Hogan was a new action and was not filed within the one-year statute of limitations, the trial court properly granted Defendants' motion for summary judgment.

ISSUE THREE

{¶ 34} "BECAUSE KAISER AND HOGAN FAILED TO PRESENT ANY EVIDENCE THAT THEY DID NOT KNOW ABOUT THE LITIGATION PRIOR TO THE EXPIRATION OF THE PERIOD FOR SERVICE OF THE ORIGINAL COMPLAINT, THEY WERE NOT ENTITLED TO SUMMARY JUDGMENT."

ISSUE FOUR

{¶ 35} "MR. SHADE ATTEMPTED TO COMMENCE A CASE AGAINST KAISER AND HOGAN, INVOKING OHIO'S SAVINGS STATUTE, R.C. 2305.19."

{¶ 36} The error these issues concern is rendered moot by our previous rulings. Therefore, we need not decide them.   App. R. 12(A)(1)(C).

### III.   CONCLUSION

{¶ 37} The assignment of error is overruled.   The judgment of the trial court will be Affirmed.

Fain, J., concurs.

Froelich, J., concurring:

{¶ 38} The previous trial judge set a date for motions, and the Appellees' Motion to Reconsider, which was simply a renewed Motion for Summary Judgment, was filed beyond that date.   The motion was purportedly based on *Erwin*, but that case was decided a year and a half before the motion and was only passingly mentioned in a footnote to the trial court's decision granting the motion for summary judgment.   The case had been pending for approximately six years, and was dismissed on the eve of trial; the parties and counsel had no doubt expended considerable funds and emotional energy (but, admittedly, would have done even more if the trial had proceeded).

{¶ 39} It would be difficult to conclude that the decision was based on anything other than the new trial judge's differing interpretation of the same law that had been rejected twice before by the previous trial judge.   There is nothing legally wrong with this or, for that matter, if the same judge were to have reconsidered his own previous interlocutory   decision.  However, both advocates and courts must be continually conscious of the appearance of such "fluidity."

{¶ 40} On the merits, I agree that the Appellant could not amend **his complaint to name the Appellees, because there was no mistake as to the names of the Appellees; Appellant knew of the presence of health care personnel who were involved with the alleged malpractice, but not of their legal relationship to the other defendants, and he did not serve   them personally.**

{¶ 41} Both the Federal and Ohio relation-back provisions can appear to operate unfairly, as can any statute of limitations, but the legislature and courts have determined that such rules can serve other purposes.

Copies mailed to:

Dwight D. Brannon, Esq.
Karen L. Clouse, Esq.
Hon. Steven K. Dankof