[Cite as *Bradley v. Altercare*, 2025-Ohio-2344.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BENJAMIN BRADLEY, ADMINISTRATOR OF THE ESTATE OF PATSY BRADLEY | : : : | JUDGES: Hon. Craig R. Baldwin, P.J. Hon. Andrew J. King, J. Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellant | : : : | |
| -vs- | : : | |
| ALTERCARE | : : | Case No. 24CA000032 |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 23PI000292

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 2, 2025

APPEARANCES:

For Plaintiff-Appellant

MILES D. FRIES
320 Main Street
P.O. Box 190
Zanesville, OH 43702-0190

For Defendant-Appellee

STEVEN J. HUPP
RONALD A. MARGOLIS
DOUGLAS G. LEAK
MADISON L. BEAR
1422 Euclid Avenue
Suite 500
Cleveland, OH 44115

*King, J.*

{¶ 1}   Plaintiff-Appellant, Benjamin Bradley, Administrator of the Estate of Patsy Bradley, appeals the October 1, 2024 judgment entry of the Court of Common Pleas of Guernsey County, Ohio, granting summary judgment to Defendant-Appellee, Altercare. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Bradley is the administrator of the Estate of Patsy Bradley.  Patsy was a resident of a nursing home in Ohio.  On some unknown date, nursing home employees dropped Patsy and she suffered a broken femur.  She died on April 21, 2021.

{¶ 3}   On April 21, 2023, Bradley filed a complaint in the Muskingum County Common Pleas Court naming Trilogy Health Services, LLC dba The Oaks at Bethesda, The Oaks at Bethesda, John Doe LLC, whose name and true address is unknown and cannot be discovered, and John Doe, Inc, whose name and true address is unknown and cannot be discovered, as the operators of a nursing home located in Zanesville, Ohio, where Patsy purportedly had resided.  The complaint alleged negligence and wrongful death; as a result of the negligence, Patsy incurred injuries, suffered the aggravation and acceleration of pre-existing medical conditions, and as a result, died from the aggravation and acceleration of her pre-existing medical conditions.  Both claims are subject to a two-year statute of limitations.  R.C. 2305.10(A) and 2125.02(F)(1).  Therefore, an action needed to be commenced on or before April 21, 2023, which was within two years of Patsy's death.

{¶ 4} On June 16, 2023, Trilogy Health Services and The Oaks filed an answer, claiming Bradley wrongly identified them as the operators of the nursing home where Patsy resided.

{¶ 5} On June 27, 2023, Bradley filed a notice of partial dismissal of Trilogy Health Services and The Oaks, and filed a motion for leave to file an amended complaint to name the correct entity Patsy was a resident of at the time of the incident. The motion noted the complaint named two John Doe defendants and he wished to amend the complaint to name the correct parties. By judgment entry filed July 18, 2023, the trial court granted the motion.

{¶ 6} On July 18, 2023, Bradley filed an amended complaint naming Altercare (in place of the aforementioned John Doe, LLC) and John Doe, Inc., whose name and true address is unknown and cannot be discovered, as the operators of a nursing home located in Cambridge, Ohio, wherein Patsy had resided. The complaint alleged the same causes of action as the original complaint.

{¶ 7} On July 20, 2023, Bradley filed a motion for a change of venue as the corrected defendants were located in Guernsey County, Ohio, and the actions giving rise to the complaint had occurred in Guernsey County. By judgment entry filed July 27, 2023, the Muskingum County Common Pleas Court granted the motion and transferred the case.

{¶ 8} On August 17, 2023, Altercare filed a motion for judgment on the pleadings and motion to dismiss, arguing the amended complaint was untimely filed under the applicable statute of limitations, and the complaint alleged a medical malpractice claim to which Bradley failed to attach an affidavit of merit under Civ.R. 10(D)(2). By judgment

entry filed October 4, 2023, the trial court denied the motions, finding the amended complaint alleged ordinary negligence, not a medical malpractice claim, and related back to the original complaint which was commenced within the statute of limitations.

{¶ 9}   On July 2, 2024, Altercare filed a motion for summary judgment, once again arguing the claims in the amended complaint were time-barred and Bradley failed to comply with Civ.R. 15(D).  Altercare argued Bradley was not permitted to use a fictitious name as a place holder for Altercare in the original complaint that was timely filed and then attempt to identify, name, and personally serve Altercare in the amended complaint after the statute of limitations had expired.  By judgment entry filed October 1, 2024, the trial court granted the motion and dismissed the complaint, finding the claims in the amended complaint did not relate back to the original pleading, citing Civ.R. 15(D) and *Erwin v. Bryan,* 2010-Ohio-2202.  The trial court found the claims were barred by the two-year statute of limitations.

{¶ 10} Bradley filed an appeal with the following assignment of error:

I

{¶ 11} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE AMENDED COMPLAINT NAMING ALTERCARE RELATES BACK TO THE ORIGINAL COMPLAINT, WHICH WAS TIMELY FILED."

I

{¶ 12} In his sole assignment of error, Bradley claims the trial court erred in granting summary judgment to Altercare.  We disagree.

{¶ 13} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 14} As an appellate court reviewing summary judgment motions, we stand in place of the trial court and review the issues de novo, under the same standards and evidence as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶ 15} Civ.R. 15 governs amended pleadings and states the following in pertinent part:

> **(C) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or

occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

. . .

**(D) Amendments Where Name of Party Unknown.** When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.[1]

---

[1]We note in their appellate briefs, both Bradley and Altercare reference Civ.R. 15(D), but quote Civ.R. 15(C). In its judgment entry granting summary judgment to Altercare, the trial court refers to and cites Civ.R. 15(D) only. Civ.R. 15(C) does not apply here as the amended complaint was not filed "within the period provided by law for commencing the action."

{¶ 16} Bradley argues the amended complaint satisfies the requirements of Civ.R. 15: 1) the complaint and the amended complaint both stated that the John Doe defendant operated a nursing home in which Patsy was a resident and was injured which was a sufficient description to identify the actual defendant; 2) Altercare was subsequently named as the proper party defendant in the amended complaint; and 3) Altercare was served less than one year following the filing of the amended complaint and therefore the action was timely commenced. Appellant's Brief at 4.

{¶ 17} In its judgment entry granting summary judgment to Altercare, the trial court cites the language of Civ.R. 15(D) and the case of *Erwin v. Bryan,* 2010-Ohio-2202. In *Erwin,* the plaintiff filed a complaint naming specific individuals and entities and several "John Does." None of the John Doe defendants were personally served with a summons containing the words "name unknown" before the expiration of the statute of limitations. After reviewing medical records and taking a deposition, the plaintiff filed an amended complaint to name some of the John Doe defendants. The trial court granted summary judgment to these defendants, finding the claims filed against them were time-barred and Civ.R. 15(D) did not apply.

{¶ 18} On appeal, this court reversed the decision, "holding that a plaintiff who is unaware of the culpability of a particular person at the time of filing the complaint may rely on Civ.R. 15(D) to designate a defendant by a fictitious name, explaining that 'a person's name may be "known" to a plaintiff, but be "unknown" as a defendant for purposes of litigation.'" *Id.* at ¶ 16; *see Erwin v. Bryan,* 2009-Ohio-758 (5th Dist.).

{¶ 19} The Supreme Court reversed, analyzing Civ.R. 15(D) and concluding the following:

A claimant may use Civ.R. 15(D) to file a complaint designating a defendant by any name and designation when the plaintiff has identified but does not know the *name* of that party, provided that the plaintiff avers in the complaint that the name of the defendant could not be discovered and a summons containing the words "name unknown" is issued and personally served on the defendant. Although a plaintiff may designate a defendant whose name is unknown by any name and description, the complaint must nonetheless sufficiently identify that specific party so that personal service may be made upon its filing.

*Erwin,* 2010-Ohio-2202, at ¶ 40.

{¶ 20} The Court explained at ¶ 30:

Civ.R. 15(D) therefore may not be construed to extend the statute of limitations beyond the time period established by the General Assembly. Instead, Civ.R. 15(D) is designed with the limited purpose of accommodating a plaintiff who has identified an allegedly culpable party but does not know the name of that party at the time of filing a complaint. Thus, Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-

limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed.

{¶ 21} The Court quoted from a previous decision wherein the Court stated: "The identity of the practitioner who committed the alleged malpractice is one of the facts that the plaintiff must investigate, and discover, once she has reason to believe that she is the victim of medical malpractice." *Flowers v. Walker,* 63 Ohio St.3d 546, 550 (1992). The Court explained, "[o]nce the claim has accrued, the failure of the plaintiff to learn the identity of an allegedly negligent party does not delay the running of the statute of limitations." *Erwin* at ¶ 26.

{¶ 22} In its judgment entry, the trial court relied on the *Erwin* case and concluded Bradley's claims in the amended complaint did not relate back to the original complaint, finding he did not sufficiently comply with Civ.R. 15 and perfect in person service upon Altercare. The trial court noted: "Plaintiff, in his original complaint, identified the wrong nursing home, in the wrong county. Plaintiff has the duty to identify the negligent party once an injury has been discovered and the claim has accrued."

{¶ 23} After reviewing the original and amended complaints, we concur with the trial court's analysis. In the original April 21, 2023 complaint, Bradley named two specific entities and two John Does, one an "LLC" and the other an "Inc." Each John Doe indicated: "whose name and true address is unknown and cannot be discovered." In the body of the complaint, Bradley identified the two named entities and the two John Does as operating "a nursing home located at 2971 Maple Ave., Zanesville, Ohio," and Patsy

was a resident of that nursing home. There is no indication in the record that a summons was served to either John Doe.

{¶ 24} On July 18, 2023, three months after the statute of limitations had expired, Bradley filed an amended complaint naming Altercare and alleging Patsy was a resident of a nursing home located at 66731 Old 21 Road, Cambridge, Ohio. A different nursing home, in a different county, operated by different entities. In no way did Bradley correctly identify an alleged culpable party in the original complaint, even if the names and addresses of the John Does were unknown. Bradley's amended complaint does not fall under the purview of Civ.R. 15(D).

{¶ 25} Upon review, we find the trial court did not err in granting summary judgment to Altercare and dismissing the complaint.

{¶ 26} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By: King, J.

Baldwin, P.J. and

Montgomery, J. concur.