[Cite as *In re Estate of Woods*, 193 Ohio St.3d 371, 2011-Ohio-1831.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

                                            :

IN RE ESTATE                        :        C.A. CASE NO. 2010-CA-0073
OF WOODS; PROFITT,
APPELLANT.                          :        T.C. CASE NO. 39893-10-142

                                            :        (Civil Appeal from
                                                     Common Pleas Court,
                                            :        Probate Division)

                              . . . . . . . . .

                              O P I N I O N

                    Rendered on the 15ᵗʰ day of April, 2011.

                              . . . . . . . . .

Thomas W. Simms, for appellant.

Lester L. Ferguson, for appellee.

                              . . . . . . . . .

        GRADY, Presiding Judge.

        **{¶ 1}**  Fred Profitt, executor of the estate of Lena Geraldine Woods, appeals from an order of the probate court finding that Pleasie Woods Jr.'s election to take against Lena's will pursuant to R.C. 2105.06 was valid and binding.

        **{¶ 2}**  Lena Geraldine Woods was married to Pleasie Woods.  Lena[1] died testate on February 24, 2010.  Her will was admitted to probate on March 18, 2010, and Fred Profitt was appointed   executor of her estate.  In her will, Lena stated: "My spouse is Pleasie Woods, Jr.

_____

        [1]   For purposes of clarity and convenience, we will refer to the decedents by their first names.

I deliberately make no provision in my will for my Spouse for reasons personal to me."

{¶ 3} On March 26, 2010, Pleasie was served with the court's "Citation to Surviving Spouse to Exercise Elective Rights" and a "Summary of General Rights Of Surviving Spouse." Pleasie died on May 3, 2010. On May 12, 2010, the executor of his estate filed a motion requesting the probate court's approval of Pleasie's written election to take against Lena's will pursuant to R.C. 2105.06. The writing was purportedly signed by Pleasie on March 23, 2010, in the presence of his attorney.

{¶ 4} On October 20, 2010, the probate court found that Pleasie's election to take against Lena's will was valid and binding. The probate court awarded Pleasie's estate $40,000 from Lena's estate pursuant to R.C. 2106.13. The executor of Lena's estate filed a notice of appeal from that final order.

First Assignment of Error

{¶ 5} "The court erred in its decision of October 20, 2010 by finding the purported election to take against the will to be valid."

{¶ 6} The executor of Lena's estate argues that the trial court erred in finding that Pleasie's election to take against the will pursuant to R.C. 2105.06 was valid and binding, because Pleasie failed to make the election in person before the probate judge as required by R.C. 2106.06. We agree.

{¶ 7} Once an administrator or executor of an estate is appointed, the probate court must issue a citation to a surviving spouse to elect whether to take *under* the will pursuant to R.C. Chapter 2106, or to take *against* the will by exercising the surviving spouse's rights under R.C. 2105.06 when a decedent dies intestate. R.C. 2106.01(A). This election "may be made at any time after the death of the decedent, but the surviving spouse shall not make the election

later than five months from the date of the initial appointment of an administrator or executor of the estate." R.C. 2106.01(E). "If no action is taken by the surviving spouse before the expiration of the five-month period, it is conclusively presumed that the surviving spouse elects to take under the will." Id.

{¶ 8} R.C. 2106.06 provides:

{¶ 9} "The election of a surviving spouse to take under section 2105.06 of the Revised Code and thereby refusing to take under the will shall be made in person before the probate judge, or a deputy clerk who has been appointed to act as a referee, except as provided in sections 2106.07 and 2106.08 of the Revised Code.

{¶ 10} "When the election is made in person before the judge or referee, the judge or referee shall explain the will, the rights under the will, and the rights, by law, in the event of a refusal to take under the will."

{¶ 11} R.C. 2106.07 authorizes the probate court to appoint a commissioner to take the surviving spouse's election to take against the will. R.C. 2106.08 provides for election by a spouse who is under a legal disability. The record does not reflect that either section applies in the present case.

{¶ 12} The requirement in R.C. 2106.06 to make the election in person before the probate judge or an appointed referee or a commissioner appointed by the court is reflected in Standard Probate Form 8.3, a copy of which was served on Pleasie along with the Citation to Surviving Spouse to Exercise Elective Rights (Probate Form 8.0). Probate Form 8.3 is entitled "Summary of General Rights of Surviving Spouse," and states:

{¶ 13} "If you elect to take under the Will, you may do so in writing if you wish, but you may also do so by taking no action.

{¶ 14} "If you elect to take against the Will, you must do so in person before the Probate Judge or a Magistrate. This election must be exercised within five months from the date of the initial appointment of the administrator or executor of the estate or it is forfeited."

{¶ 15} It is undisputed that Pleasie did not make an election in person before a probate judge, referee, or commissioner as required by R.C. 2106.06. Rather, Pleasie signed an election form in his attorney's office. The space on the form provided for the signature of the probate judge is blank. Pleasie therefore waived his right to take against Lena's will, and his estate is not entitled to the share of a surviving spouse who properly did elect to take against the will.

{¶ 16} R.C. 2106.04 provides:

{¶ 17} "If the surviving spouse dies before probate of the will, or, having survived the probate, thereafter either fails to make the election provided by section 2106.01 of the Revised Code or dies without having made an election within the times described in division (E) of that section, the surviving spouse shall be conclusively presumed to have elected to take under the will, and the surviving spouse and the heirs, devisees, and legatees of the surviving spouse, and those claiming through or under them, shall be bound by the conclusive presumption * * * ."

{¶ 18} Pursuant to R.C. 2106.04 and 2106.01(E), Pleasie is conclusively presumed to have elected to take under the will. The probate court appears to have acknowledged this fact when it stated: "At first glance, one would conclude that such election was invalid." But instead of finding that Pleasie's estate is now entitled to only his share under Lena's will, which is nothing, the probate court relied on *Martin v. Martin*, Allen App. No. 1-03-55, 2004-Ohio-1397, to find that Pleasie's written election in the presence of his attorney was a valid and binding election to take against the will pursuant to R.C. 2105.06. We believe that

the probate court erred in its application of *Martin*.

{¶ 19} *Martin* involved a surviving spouse who signed a form in her attorney's office electing to take *under* the decedent's will. Subsequently, the surviving spouse sought to set aside that election and instead elect to take *against* the will. The court found that the surviving spouse executed the election to take under the will with full knowledge of all the facts and circumstances, and therefore could not revoke her election to take under the will.

{¶ 20} The facts in *Martin* are inapposite to the case before us. *Martin* involved an election to take under the will, which may occur outside the presence of the probate judge. *Martin* did not address whether an election made in an attorney's office could satisfy the requirement in R.C. 2106.06 that the surviving spouse make an election to take against the will in person before a probate judge or other person qualified under R.C. 2106.06. The plain language of R.C. 2106.06 requires such an election to take place in person before a probate judge, a deputy clerk appointed to act as a referee, or a person to whom a commission has been issued by the probate court pursuant to R.C. 2106.07.

{¶ 21} The first assignment of error is sustained.

Second Assignment of Error

{¶ 22} "The court erred in finding that there was sufficient proof of a decision and intent to elect to take against the will."

{¶ 23} Based on our disposition of the first assignment of error, the second assignment of error is moot. Therefore, we need not decide the error assigned. App.R. 12(A)(1)(c).

{¶ 24} The judgment of the probate court is reversed and vacated.

Judgment reversed.

DONOVAN and HALL, JJ. concur.

————————