[Cite as *Ohio Dept. of Transp. v. Storage World, Inc.*, 2012-Ohio-4437.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

OHIO DEPARTMENT OF
TRANSPORTATION

     Appellee

     v.

STORAGE WORLD, INC., et al.

     Appellants

C.A. No.     11CA0002-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos.    01 CIV 0331
              01 CIV 0396
              01 CIV 0445

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

MOORE, Judge.

{¶1} Appellants, Michael DeMarco and Storage World, Inc., appeal from the judgment of the Medina County Court of Common Pleas. This Court reverses in part and affirms in part.

I.

{¶2} The Ohio Department of Transportation ("ODOT") filed three petitions to appropriate various parcels of real property in 2001. Storage World, Inc. was a named defendant in all three actions. DeMarco was the President of Storage World and the sole shareholder. ODOT deposited what it determined to be the fair market value of the properties with the clerk of courts. Storage World answered the petitions and requested a jury trial to determine the fair market value of the properties. Subsequently, Storage World filed motions to withdraw the funds deposited with the court. The trial court granted the motions and the funds were distributed to Storage World.

{¶3} The three cases were consolidated and the parties conducted discovery. ODOT deposed DeMarco and learned that Storage World did not own all of the parcels the State sought to acquire. Storage World had built storage units on some of the parcels and had sold the individual units. While each unit was individually owned, a condominium association had been established to govern the property as a whole. Because the property was still under development and the condominium association had not been properly formed, ODOT moved the court to determine the necessary parties to the appropriation action. The court determined that all individual storage unit owners must be added as named defendants. For various reasons, it took several years to accomplish this task. In 2007, ODOT filed an amended petition for appropriation and included all of the individual owners and the now properly formed Storage World Condominium Association ("Condominium Association"). Storage World still had some property interest at stake and remained listed as a defendant. Storage World was properly served. DeMarco, however, was not listed as an individual defendant and was only served as President of Storage World.

{¶4} In March 2010, long after having determined that Storage World did not have any property interest in parcels 99 and 100, ODOT filed a motion requesting the court to order "Storage World, Inc., Michael DeMarco, President of Storage World, Inc. and/or Storage World Condominium Association to return" the associated funds that were withdrawn from the court. In its memorandum in support, ODOT stated that the Condominium Association had filed a law suit against DeMarco and Storage World in 2005 seeking to recover the funds Storage World had withdrawn from the court related to the parcels owned by the Condominium Association. According to ODOT, DeMarco, Storage World, and the Condominium Association had entered

into a consent decree, which required DeMarco and Storage World to pay the Condominium Association $15,438. ODOT attached pleadings from the separate case to its motion below.

{¶5} On December 30, 2010, the court ordered "Michael DeMarco and/or Storage World, Inc. return to the Clerk of Courts of Medina County Court of Common Pleas the deposit of Fifteen Thousand Four Hundred and Thirty Eight Dollars ($15,438.00) which had been incorrectly released to Michael DeMarco in his capacity as agent for Storage World, Inc." DeMarco and Storage World now appeal and present two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT HAD NO JURISDICTION TO ENTER A JUDGMENT AGAINST MICHAEL DEMARCO OVER WHOM THE COURT HAD NO PERSONAL JURISDICTION.

{¶6} In the first assignment of error, DeMarco argues that the trial court did not have personal jurisdiction over him and therefore could not enter a judgment against him. We agree.

{¶7} In order to render a valid judgment against an individual, the court must have jurisdiction over that person. *See Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "A trial court is without jurisdiction to render a judgment or to make findings against a person who * * * was not a party in the court proceedings. A person against whom such judgment and findings are made is entitled to have the judgment vacated." *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), paragraph one of the syllabus. Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo. *Kennedy v. Kennedy*, 9th Dist. No. 09CA009645, 2010-Ohio-404, ¶ 6, quoting *Lorain Cty. Treasurer v. Schultz*, 9th Dist. No. 08CA009487, 2009-Ohio-1828, ¶ 10.

{¶8}     At the outset, we note that Appellants' first assignment of error is limited to DeMarco personally.  No argument has been made that the court lacked jurisdiction over Storage World.  We limit our review accordingly.

{¶9}     The record shows that DeMarco was not named as an individual defendant in any of the consolidated appropriations cases, and was not served a summons that was addressed to him individually.  DeMarco was served a summons addressed to Storage World Inc., c/o Michael DeMarco, President.  However, because he was not named as a defendant, DeMarco would not have been on notice of any potential personal liability, such that he would need to individually defend.

{¶10}  Because DeMarco was not a named defendant, the trial court did not have personal jurisdiction over him.  *See O'Donnell* at paragraph one of the syllabus.  Without personal jurisdiction over DeMarco, the trial court could not enter a judgment against him.  *See Maryhew* at 156.  Accordingly, Appellants' first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ENTERING A JUDGMENT AGAINST STORAGE WORLD INC. AND MICHAEL DEMARCO WITHOUT DUE PROCESS OF LAW.

{¶11}  In the second assignment of error, Appellants argues that the trial court erred in entering a judgment without conducting a hearing.  Because we have already concluded that the trial court did not have jurisdiction over DeMarco individually, we limit our review to whether the court violated Storage World's due process rights when it entered the repayment order without a hearing.

{¶12}  "Before the state may deprive a person of a property interest, it must provide procedural due process consisting of notice and a meaningful opportunity to be heard."  *Ohio*

*Assn. of Pub. School Emp. v. Lakewood Cty. School Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 177 (1994), citing *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532 (1985). "The inquiry into what process is due depends on the facts of each case." *Ohio Assn. of Pub. School Emp.*, 68 Ohio St.3d at 177, citing *Brock v. Roadway Express, Inc.*, 481 U.S. 252 (1987).

{¶13} In 2001, before all of the individual defendants were identified and named, Storage World withdrew the deposit for parcels 99 and 100. In 2002, ODOT learned, through its deposition of DeMarco, that Storage World did not have any ownership interest in these two parcels. It took several years to identify and serve process on all of the necessary parties.

{¶14} In March 2010, ODOT filed a motion asking the court to order the repayment of $15,438, the deposit made for the appropriation of parcels 99 and 100. ODOT argued that the court was required to order a repayment of any money withdrawn in excess of the final award pursuant to R.C. 163.17. ODOT's motion for repayment requested the court to order "Storage World, Inc., Michael DeMarco, President of Storage World, Inc. and/or Storage World Condominium Association to return the sum of $15,438.00, plus interest." In its memorandum in support, ODOT explained that the Condominium Association had previously filed a lawsuit against DeMarco and Storage World seeking recovery of the deposit withdrawn by Storage World. According to ODOT's memorandum, DeMarco, Storage World, and the Condominium Association had entered into a consent agreement in December 2006. The consent agreement required DeMarco and Storage World to pay the Condominium Association $15,438 for the appropriation of parcels 99 and 100. The memorandum continues on to say that counsel for the Condominium Association had informed ODOT that no payment had been made. There is no evidence in the record that DeMarco or Storage World responded to this motion. Nine months

later, in December 2010, the court ordered Michael DeMarco and/or Storage World to repay $15,438 to the Clerk of Courts within 30 days.

**{¶15}** Storage World has not presented any argument that it has a property interest in parcels 99 or 100. Instead, Storage World argues that due process required the court to hold a hearing. Under the facts of this case, we disagree.

**{¶16}** Storage World argues that "the court entered a judgment against [it] without a trial and with no pending motions for summary judgment or other dispositive motions." However, ODOT's motion for repayment was pending. In its motion, ODOT informed the court that Storage World had entered a consent agreement to pay the withdrawn funds to the Condominium Association, but it had failed to make any payments. ODOT's motion had been pending for approximately nine months when the court entered its order. Storage World had ample opportunity to request a hearing on ODOT's motion, but instead it chose not to respond.

**{¶17}** Storage World did not have any property rights in parcels 99 or 100, and therefore, it had no rights to the associated funds. The settlement agreement lists two categories of defendants. The first category lists all defendant-owners that have failed to respond or otherwise defend, and enters a default judgment as to those named defendants. The second category lists "the remaining [d]efendant-owners" as agreeing to the settlement amount. Storage World is not listed in either category, nor does the Court allude to any outstanding defendant.

**{¶18}** Furthermore, we note that Storage World declined to respond to ODOT's pending motion seeking repayment at any point during the nine months it was pending. Under the circumstances of this case, we cannot conclude that the trial court violated Storage World's right to due process when it entered the order for repayment without a hearing.

**{¶19}** Appellants' second assignment of error, as it relates to Storage World, is overruled. Appellants' second assignment of error, as it relates to DeMarco, is sustained because the court had no jurisdiction over him individually.

III.

**{¶20}** Appellants' first assignment of error is sustained; the second assignment of error is overruled in part and sustained in part. The judgment of the Medina County Court of Common Pleas is affirmed in part and reversed in part.

Judgment affirmed in part,<br>reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURRING IN JUDGMENT ONLY:

BACKGROUND

**{¶21}** Storage World Inc. built a number of storage buildings along State Route 18 in Medina County. Each of the buildings contains 50 to 60 individual storage units, which have been sold to others as storage condominiums. According to Storage World's president, Michael DeMarco, Storage World still owns some of the units in each of the buildings.

**{¶22}** In 2001, the Ohio Department of Transportation decided to widen State Route 18 and needed to take a strip of the land on which the storage buildings sit. Because of the size of the facility, not all of the storage buildings are on the same tax parcel. Accordingly, the transportation department filed a separate appropriation action against Storage World in the Medina County Court of Common Pleas for each of the parcels. The actions were later consolidated.

**{¶23}** Because the transportation department did not want to wait to begin expanding the road, it used the "quick-take" procedure authorized under Section 163.06(A) of the Ohio Revised Code. Under that procedure, the department deposited what it believed was the value of the taken land with the common pleas court. Storage World subsequently moved for permission to withdraw the deposits for all of the parcels, which the common pleas court granted. *See* R.C. 163.06(C) ("Any time after the deposit is made . . . , the owner may apply to the court to withdraw the deposit . . . .").

**{¶24}** Although Storage World withdrew the deposits, it contested whether they represented the actual value of the taken land. Discovery commenced, and the department took the deposition of Mr. DeMarco. During his deposition, the department learned that each of the

individual storage condominium unit owners may have a property interest in the land taken from parcels 99-WD and 100-WD. Mr. DeMarco testified that, under the condominium purchase agreements, each of the unit owners received a property interest in "common areas." He explained that the storage buildings are a considerable distance from the road and that it was his understanding that the "common areas" described in the purchase agreements only included land immediately adjacent to the buildings, not the entire parcel. He said that he had consulted with his lawyers about the issue, however, and that they were in the process of determining whether the common areas extended all the way to State Route 18. Following the deposition, the transportation department amended its complaints to name all of the individual storage condominium unit owners for parcels 99-WD and 100-WD as defendants in case they have an interest in the taken land. It also named the condominium association that represents the unit owners' interests in common areas as a defendant.

{¶25} In March 2010, the transportation department moved the common pleas court to order Storage World to return the deposits it had withdrawn for parcels 99-WD and 100-WD. Relying on Mr. DeMarco's deposition, it noted that there was a dispute regarding who was entitled to the deposits for those parcels. Over the next several months, the transportation department, the condominium association, and the individual storage condominium unit owners who had entered appearances negotiated a settlement in which they agreed that the value of the land taken of parcels 99-WD and 100-WD was the amount the department deposited with the court. The common pleas court entered a corresponding order, which, as to the settling parties and the unit owners who did not appear, set the value of the taken land at the amount of the deposits. The order also indicated that, once Storage World returned the deposits, it would hold a distribution hearing. Two days later, by separate entry, it ordered Storage World and/or Mr.

DeMarco to return the deposits it had withdrawn as to parcels 99-WD and 100-WD. Storage World and Mr. DeMarco have appealed, assigning two errors.

## PERSONAL JURISDICTION

{¶26} I agree with the majority's conclusion that the common pleas court did not have personal jurisdiction over Mr. DeMarco. The majority correctly concludes that, because the common pleas court did not have personal jurisdiction, it could not order Mr. DeMarco to return the deposits that were withdrawn by Storage World.

## MOTION TO RETURN DEPOSITS

{¶27} Storage World has appealed the common pleas court's journal entry that ordered it to return the appropriation deposits for parcels 99-WD and 100-WD to the court. I agree that this order should be affirmed. During his deposition, Mr. DeMarco indicated that there is a question of fact regarding whether the individual storage condominium unit owners have a property interest in the land that was taken by the transportation department for parcels 99-WD and 100-WD. If Storage World is not the sole owner of the taken property, it is not entitled to the entire deposit. In addition, although the court entered an order granting Storage World permission to withdraw the funds deposited for all the parcels, its decision was merely an interlocutory order that was subject to revision at the discretion of the common pleas court. *See Pitts v. Ohio Dep't of Transp.*, 67 Ohio St. 2d 378, 379 n.1 (1981); Civ. R. 54(B).

## DUE PROCESS

{¶28} Storage World's remaining argument is that the common pleas court incorrectly entered judgment against it without due process of law. While the court entered an order adopting the settlement agreement entered into by the transportation department, the

condominium association, and some of the individual storage condominium unit owners, it could not enter judgment against a party that was not a party to the agreement.

{¶29} I believe Storage World's concern arises from one particular sentence in the journal entry, which is that "[t]he Court is further advised by the parties that the remaining Defendant-owners of the property appropriated in this action . . . have agreed with the [transportation department] upon the amount of compensation and damages, if any, to the residue due . . . by reason of the appropriation . . . ." Storage World is not named in the sentence as one of "the remaining Defendant-owners." I can understand how that sentence could be construed as a judicial determination that Storage World is not an owner of the land appropriated from parcels 99-WD and 100-WD. The sentence is preceded, however, by a paragraph regarding the storage condominium unit owners who have not entered an appearance. The more reasonable interpretation of the sentence, therefore, is that it merely distinguished the unit owners who appeared in the case and are part of the settlement agreement from the owners who did not appear. The sentence merely recognizes that the parties who appeared and are part of the settlement agreement believe that they are the only remaining owners of the appropriated property. It is not a judicial determination that those parties are, indeed, the only owners of the property taken from parcels 99-WD and 100-WD. In particular, the sentence does not mean that Storage World does not have a property interest in those parcels.

{¶30} The fact that the common pleas court has not yet decided who has a property interest in the land taken from parcels 99-WD and 100-WD is supported by the language in the journal entry describing what will happen after Storage World returns the deposits it withdrew for those parcels. According to the journal entry, after Storage World returns the withdrawn deposits, the clerk of courts "shall give notice . . . to [the condominium association], to the

attorney for Defendant Storage World Inc. . . . [and to the individual storage condominium unit owners] . . . that the [returned deposits are] in the custody of the Court and [are] available for distribution . . . ." If the court had determined that Storage World does not have a property interest in the land appropriated from parcels 99-WD and 100-WD, it would have no reason to give Storage World notice that the funds deposited for those parcels were available for distribution.

{¶31} Contrary to Storage World's fear, the common pleas court has not determined that Storage World does not have a property interest in the land appropriated from parcels 99-WD and 100-WD or the value of the appropriated land as to Storage World. It appears from the court's journal entry that those issues will be set for hearing after Storage World returns the deposits for the parcels. I, therefore, agree with the majority that the common pleas court has not denied Storage World its right to due process. The majority correctly concludes that the common pleas court's order should be reversed as to Mr. DeMarco, but affirmed as to Storage World. Accordingly, I concur in the judgment.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART:

{¶32} I concur with the majority in sustaining the first assignment of error. In regard to the second assignment of error, however, I respectfully dissent.

{¶33} Although there may be a disagreement as to whether Storage World had a property interest in parcels 99 and 100, there is no disagreement that Storage World had a property interest in the $15,438 the court unconditionally released to it in 2001. As the majority indicates, the State may not deprive a person of a property right without due process of law. As a result, Storage World was entitled to notice and an opportunity to be heard before the trial court

ruled on the return of the funds almost nine years after they were released to Storage World.  I would sustain Storage World's second assignment of error and remand for a hearing on the return of the funds.

APPEARANCES:

KENNETH L. GIBSON, Attorney at Law, for Appellants.

KEVIN W. DUNN, Attorney at Law, for Appellee.