[Cite as *In re The Estate of Adams*, 2013-Ohio-5824.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF: MARY E. ADAMS, DECEASED. | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2013-A-0042** |
| | : | |

Appeal from the Ashtabula County Court of Common Pleas, Probate Division, Case No. 2013 ES 00035.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci,* The Iarocci Law Firm, L.L.C., 213 Washington Street, Conneaut, OH 44030 (For Appellant-Gregory W. Johnson).

*Luke P. Gallagher,* 326-A West Main Road, Conneaut, OH 44030 (For Appellee-Chester J. Adams).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Gregory W. Johnson, executor of the estate of Mary E. Adams, appeals from the judgment of the Ashtabula County Court of Common Pleas, Probate Division, denying his motion to set aside a magistrate's order relating to Chester Adams', the decedent's surviving spouse and appellee herein, election to take against the decedent's will. For the reasons discussed below, we reverse and remand the judgment of the trial court.

{¶2} The decedent passed away on January 8, 2012. At the time of her death, she was married to appellee. On January 28, 2013, appellant, the decedent's adult son

from a previous marriage, was appointed executor of the decedent's estate. The next day, the trial court issued a citation to appellee, notifying him of his right to elect to take against the will, or accept the terms of the decedent's will. A hearing was set for May 28, 2013 to determine whether appellee would exercise his elective rights.

{¶3} On February 14, 2013, appellee's attorney sent appellant's attorney a correspondence indicating appellee intended to take against the decedent's will at the May 2013 hearing. On March 17, 2013, appellant's attorney sent appellee's attorney a copy of the estate's Inventory/Appraisal and Schedule of Assets. Appellant filed the inventory and appraisal on March 18, 2013.

{¶4} On March 25, 2013, appellee's attorney sent appellant's attorney a letter indicating appellee intended to elect against the will and, in an attempt to expedite the process, enclosed a stipulation and waiver of hearing on election. On April 1, 2013, appellant's counsel responded by letter stating, inter alia, that an election by surviving spouse to take against the will must be made in person, as a matter of law. Appellant's counsel recommended appellee's counsel contact the magistrate to facilitate the process of electing to take against the will.

{¶5} On May 16, 2013, the trial court notified the parties that a hearing on the inventory and appraisal would take place on June 25, 2013. Meanwhile, the May 28, 2013 hearing that was set to determine whether appellee would exercise his elective rights did not go forward. And, despite appellee's apparent desire to elect to take against the will, he did not file a motion, or otherwise contact the court, to expedite this procedure.

2

{¶6} An inventory and appraisement hearing was held, as scheduled, on June 25, 2013. Because no exceptions were filed, the trial court approved the estate's inventory and appraisement on that date. On July 1, 2013, the magistrate issued an order resetting the hearing to determine whether appellee would take against the will for July 9, 2013. On that date, appellee met with the magistrate and elected to exercise his right to take against the will of the decedent. The magistrate issued an order acknowledging appellee's decision.

{¶7} On July 15, 2013, appellant filed a motion to set aside the magistrate's order and a motion to strike appellee's attempt to take against the will. Appellant argued appellee failed to exercise his rights within five months of the executor's appointment, pursuant to R.C. 2106.25. On July 24, 2013, the trial court entered judgment denying the motion; it acknowledged that appellee failed to timely exercise his right to take against the will by 11 days; the court, however, determined it had the discretion to extend the statutory timeframe because the inventory was not approved until three days prior to the expiration of the five month period. This appeal followed.

{¶8} Appellant assigns the following error:

{¶9} "The trial court committed prejudicial error by overruling Appellant-Executor's Motion to Set Aside July 9, 2013 Magistrate's Order and Motion to Strike Election of Surviving Spouse to Take Against the Will of Decedent based on the premises that an election against the Will cannot be made after the inventory is filed and approved by the trial court, and that it was in the trial court's discretion to extend the five-month election period under R.C. 2106.25."

3

**{¶10}** The instant matter requires this court to determine whether the applicable statutory scheme permitted the trial court to extend the limitation period for a surviving spouse to exercise his elective rights. In its judgment, the court expressed its belief that it possessed the discretion to act. The issue of the court's authority to act, however, is a question of law. We therefore review this issue de novo. *See e.g. Carothers v. Ohio Bd. of Speech-Language Pathology & Audiology*, 11th Dist. Geauga No. 2004-G-2559, 2004-Ohio-6695, ¶7.

**{¶11}** R.C. 2106.25 governs the time limits for a surviving spouse to exercise any rights under R.C. Chapter 2106. It provides:

> **{¶12}** Unless otherwise specified by a provision of the Revised Code or this section, a surviving spouse shall exercise all rights under Chapter 2106. of the Revised Code within five months of the initial appointment of an executor or administrator of the estate. It is conclusively presumed that a surviving spouse has waived any right not exercised within that five-month period or within any longer period of time allowed by the court pursuant to this section. Upon the filing of a motion to extend the time for exercising a right under Chapter 2106. of the Revised Code and for good cause shown, the court may allow further time for exercising the right that is the subject of the motion.

**{¶13}** Moreover, R.C. 2106.01(E) specifically addresses the timeframe for a surviving spouse to elect to take against the will. It provides:

4

{¶14} The election of a surviving spouse to take under a will or under section 2105.06 of the Revised Code may be made at any time after the death of the decedent, but the surviving spouse shall not make the election later than five months from the date of the initial appointment of an administrator or executor of the estate. On a motion filed before the expiration of the five-month period, and for good cause shown, the court may allow further time for the making of the election. If no action is taken by the surviving spouse before the expiration of the five-month period, it is conclusively presumed that the surviving spouse elects to take under the will. The election shall be entered on the journal of the court.

{¶15} When proceedings for advice or to contest the validity of a will are begun within the time allowed by this division for making the election, the election may be made within three months after the final disposition of the proceedings, if the will is not set aside.

{¶16} Further, R.C. 2106.06 *requires* the election of a surviving spouse to be made in person before the judge or magistrate. *See e.g. In re Estate of Woods*, 194 Ohio App.3d 371, 2011-Ohio-1831, ¶20 (2d Dist.).

{¶17} Given the foregoing, a surviving spouse has five months from the appointment of the executor to either personally elect against the will, move for an extension prior to the expiration of the five-month period, or contest the will. If none of these options are taken, the law conclusively presumes the surviving spouse will take pursuant to the will.

{¶18} In this case, appellant was appointed to serve as executor on January 28, 2013. Appellee had five months, i.e., until June 28, 2013, to either personally exercise his elective rights or move the court for an extension. It is undisputed that appellee neither personally elected to take against the will nor did he move the court for an extension. Pursuant to the plain language of the statute, the conclusive presumption was triggered and appellee was barred from electing to take after June 28, 2013.

{¶19} Nothing in the statute indicates a trial court has the authority to sua sponte extend the statutory limitation period and we find no authority to support the proposition that such authority exists. The only means of extending the period is by way of a surviving spouse's motion, based upon good cause, prior to the expiration of the five-month period. The requirement that the motion be supported by good cause demonstrates that a surviving spouse shoulders a burden to produce some evidence sufficient to establish an extension is warranted. This shows the legislature intended the surviving spouse to advance some persuasive basis for obtaining an extension before a court, in its discretion, rules on the motion. We therefore hold that although a court possesses the discretion to grant a motion to extend, it does not have the authority to sua sponte extend the statute of limitations set forth under R.C. Chapter 2106. for a surviving spouse to exercise his or her elective rights.[1] The extension was therefore legally invalid.

---

1. It is worth noting the extension was entered 11 days after the expiration of the five-month period. The statute requires motions to extend to be filed prior to the expiration of the limitations period. Even if this court determined the court had general authority to enter an extension sua sponte, the language of the statute implies the order in the instant case would be void because it occurred *after* the five-month period expired. In short, therefore, the conclusive presumption had already attached when the court entered the sua sponte extension.

{¶20} Appellee argues, however, that he cannot be barred from exercising his right to election because the conclusive presumption to elect to take under the will is triggered only "if no action is taken by the surviving spouse before the expiration of the five month period." R.C. 2106.01(E). Appellee asserts action was taken when his attorney disclosed appellee's intention to take against the will during his correspondences with appellant's attorney. While appellee did take measures indicating he intended to exercise his elective rights, we do not agree that the correspondences constitute "action" as contemplated under R.C. 2106.01(E).

{¶21} As discussed above, a surviving spouse is conclusively presumed, pursuant to a statutory mandate, to have elected to take under a will *unless* he or she personally elects to take against the will within five months of the appointment of the executor, moves the court, prior to the expiration of the five month period, for an extension of time, or contests the will. No alternative options are listed. Even though appellee took some action to indicate he would elect to take against the will, he did not follow the statutory directives in place for preserving his elective right. Appellee's actions were tantamount to mere intentions to formally act under the statute. Appellee's argument, therefore, is not well taken.

{¶22} Although we are sympathetic to the position in which appellee finds himself, the applicable statute in this case sets forth a clear and definitive procedure for avoiding this outcome. Appellee could have moved for an extension within the limitation period, especially if he was concerned about "eleventh hour" inventory approval.

{¶23} Alternatively, appellee could have, by his own motion, requested the court to proceed with the election process without the inventory approval. The R.C.

7

2106.01(E) permits a surviving spouse to elect to take against the will "at any time after the death of the decedent." And, in this case, appellee was aware of the contents of the inventory as well as the amount of the appraisal. Further, the record indicates no interested parties objected to the filing. Pursuant to the correspondences between counsel for both parties, appellee was prepared to exercise his elective rights after the inventory was filed. Accordingly, nothing prevented appellee from moving the court to expedite the election process in light of the uncontested inventory prior to its approval. Unfortunately, however, appellee failed to comport with the procedural options available. As a result, he is conclusively presumed to take under the will.

{¶24} Given the foregoing, we conclude the trial court erred when it extended the time frame for appellee to take against the will without being properly moved to do so. The limitation period set forth under R.C. 2106.01(E) passed on June 28, 2013 without being properly extended. We therefore hold appellee is bound to take under the will.

{¶25} Appellant's assignment of error is sustained.

{¶26} For the reasons discussed above, the judgment of the Ashtabula County Court of Common Pleas, Probate Division, is reversed and remanded.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

8