[Cite as *Harris v. Firelands Regional Med. Ctr.*, 2018-Ohio-3085.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Akeeba Harris

        Appellant

v.

Firelands Regional Medical Center, et al.

        Appellees

Court of Appeals No.  E-17-053

Trial Court No.  2016-CV-0268

**DECISION AND JUDGMENT**

Decided:  August 3, 2018

* * * * *

Geoffrey L. Oglesby, for appellant.

Chad M. Thompson and Kayla L. Henderson,
for appellees, Mercy Health-St. Charles Hospital, LLC,
Alex R. Andray, RN-C, and David W. Wall, BHT.

* * * * *

**MAYLE, P.J.**

{¶ 1} Plaintiff-appellant, Akeeba Harris, appeals the August 15, 2017 judgment of

the Erie County Court of Common Pleas granting summary judgment in favor of

defendants-appellees, Mercy Health—St. Charles, LLC ("Mercy"), Alex R. Andray, and David W. Ball. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Very few facts are necessary to an understanding of the issues presented in this appeal. Briefly stated, Akeeba Harris called for medical help on May 26, 2015, after experiencing three days of sleeplessness and a severe headache. She was transported by ambulance to Firelands Regional Medical Center ("Firelands"), and then to Mercy St. Charles Hospital. Harris, who suffers from bipolar disorder, was ultimately admitted to Mercy's behavioral health unit. Shortly after her admission, early in the morning of May 27, 2015, she suffered a foot fracture. Harris filed a complaint for medical malpractice and negligence on April 13, 2016, naming the following defendants:

Drs. And Nurses John and Jane Doe,

Doctors and Nurses

Real names cannot be determined without the Court's discovery

Who treated Plaintiff prior to, on or about May 26, 2015 and thereafter

c/o Firelands Regional Medical Center

and

Drs. And Nurses John and Jane Doe,

Doctors and Nurses

Real names cannot be determined without the Court's discovery

2.

Who treated Plaintiff prior to, on or about May 26, 2015 and thereafter

c/o Mercy St. Charles Hospital

{¶ 3} While Harris captioned her complaint against the John and Jane Doe nurses and doctors "c/o" Firelands and Mercy, she did not specifically name Mercy or Firelands as defendants. In fact, she identified no specific care providers until August 17, 2016, when, with leave of court, she filed an amended complaint.[1] At that time she named as defendants Mercy, Alex R. Andray, R.N., and David W. Ball, "technician" ("the Mercy defendants"), and Firelands. She filed a second amended complaint on January 11, 2017, adding a fifth defendant, North Central EMS, the ambulance service that transported Harris to the hospital.[2]

{¶ 4} "The Unidentified Mercy Defendants" answered the original complaint,[3] and Mercy, Andray, and Ball answered the amended complaint. They asserted among their

---

[1] The magistrate's order, journalized on June 17, 2016, provided that "Plaintiff is given leave to amend the Complaint for purposes of confirming the identity of the proper Plaintiff (If Plaintiff has a legal guardian) and to identify the John and Jane Doe physician and nurses. Such leave given until August 19, 2016."

[2] North Central EMS is not a party to this appeal.

[3] The answer of "Drs. And Nurses John and Jane Doe, Doctors and Nurses, Who Treated Plaintiff Prior To, On or About May 26, 2015 and Thereafter c/o Mercy St. Charles Hospital" included a footnote stating:

> To date, this is how Plaintiff has described and identified the second defendant(s) in this case. Without waiving any objection regarding Plaintiff's use and identification of this second defendant(s), the undersigned will use Plaintiff's description for purposes of answering the specific claims set forth in the Complaint.

3.

defenses that Harris failed to comply with Civ.R. 15(D), which sets forth the procedure for naming unknown defendants, and that her claims were barred by the statute of limitations. The Mercy defendants also claimed that Harris "failed to properly identify and name one or more of the Mercy Defendants" and "failed to perform sufficient process and/or sufficient service of process upon one or more of the Mercy Defendants."[4]

{¶ 5} The case progressed and the parties offered different theories for the cause of Harris' foot fracture. Harris claimed that it occurred when Andray and Ball threw her onto a bed to restrain her; the Mercy defendants claimed that it occurred when Harris kicked and punched at the doors and walls of her room during one of several violent outbursts she exhibited while being treated that evening.[5]

{¶ 6} Harris and the Mercy defendants filed motions for summary judgment on March 30, and March 31, 2017, respectively. Harris moved on the issue of liability. She claimed that regardless of whose version of events was accurate, it is undisputed that the injury occurred at Mercy. She maintained that because she had suffered a "psychotic

---

[4] Firelands also filed an answer. Harris eventually dismissed her claims against it after admitting that her alleged injuries were not sustained at Firelands. In fact, Harris testified at her January 13, 2017 deposition: "No question, I know [the injury] didn't happen at Firelands." Her mother testified similarly: "[L]ike I told [plaintiff's counsel] months ago, almost a year, that it did not happen at Firelands." Given this information, it is not clear why plaintiff's counsel pursued a claim against Firelands.

[5] This synopsis of the Mercy defendants' theory of the case is taken from a quote of "Defense Expert Report P.5," contained in Harris' motion for summary judgment. The defense-expert report itself is not contained in the record.

4.

break" and was under Mercy's care at the time of her injury, the Mercy defendants owed a duty to her—either to protect her from the staff or to protect her from self-inflicted injury. She contended that either way, the Mercy defendants violated a duty to her, and she was, therefore, entitled to summary judgment. Harris also insisted that her claim was not a "medical claim" requiring expert testimony, and she claimed that the doctrine of res ipsa loquitur absolved her of the obligation to support her claim with any evidence beyond the fact that the injury occurred.

{¶ 7} The Mercy defendants claimed in their summary-judgment motion that Harris' complaint was barred by the statute of limitations because (1) she failed to satisfy Civ.R. 15(D)'s requirements for using fictitious designations, and (2) Mercy was not designated as a defendant in the original complaint, therefore, her amended complaint against the hospital did not relate back to the date of the original complaint under Civ.R. 15(C).

{¶ 8} In a judgment entry dated August 15, 2017, the trial court denied Harris' summary-judgment motion and granted summary judgment to the Mercy defendants.

{¶ 9} As to Harris' motion, the trial court concluded that Harris' claim was a medical claim requiring expert testimony as to the standard of care, breach of the standard of care, and injury proximately caused by breach of the standard of care. It found that Harris' motion was supported only by argument of counsel without citation to the evidentiary record, let alone expert testimony. In other words, Harris' motion lacked

5.

proper evidentiary support under Civ.R. 56(C). The court also found that despite Harris'

contention to the contrary, Harris herself created a disputed issue of fact as to where she

sustained her injury by also filing claims against Firelands and North Central EMS.

{¶ 10} The court also found that Harris could not rely on the theory of res ipsa

loquitur to support her motion for summary judgment because (1) res ipsa loquitur

creates only a permissible inference for the *jury* and cannot be used to support a

summary-judgment motion; and (2) Harris wholly failed to establish the two prerequisites

necessary for its application: that the instrumentality causing the injury was under the

exclusive management and control of the defendant when the injury occurred, and the

injury occurred under circumstances that would not have occurred if ordinary care had

been used.

{¶ 11} The trial court granted summary judgment to the Mercy defendants. It

began by recognizing that because Harris' claim was a "medical claim," the one-year

statute of limitations set forth in R.C. 2305.113 applied. Assuming that Harris' injury

was sustained in the early-morning hours of May 27, 2015, the court determined that

Harris was required to file her claim by May 27, 2016. The court observed that while

Harris' initial complaint was timely-filed on April 13, 2016, it failed to name Mercy as a

defendant. Therefore, when Harris filed her amended complaint on August 17, 2016, the

complaint did not "relate back" to the date of the original complaint under Civ.R. 15(C).

6.

**{¶ 12}** As to Harris' claims against Andray and Ball, the court found that she could not rely on Civ.R. 15(D) to preserve the statute of limitations because (1) she could not in good faith say that she did not know their names given that they appear in the Mercy chart over 30 times, and Harris and her legal guardian had obtained those records before filing her complaint; (2) even if she did not know their names, she did not describe their identities in her original complaint in the manner required by Civ.R. 15(D); and (3) Harris did not comply with other Civ.R. 15(D) requirements in that she failed to aver that she could not discover Andray and Ball's names, failed to include the words "name unknown" in the summons, and failed to personally serve Andray and Ball with the summons.

**{¶ 13}** Harris appealed the trial court's decision, and assigns the following errors for our review:

Assignment of Error No. I

WHEN LEAVE OF COURT GIVES THE PLAINTIFF UNTIL A DATE CERTAIN TO AMEND THE NAMES IN THE COMPLAINT, A DEFENDANT CANNOT GET SUMMARY JUDGMENT ON BEING OUTSIDE THE STATUTE OF LIMITATIONS FOR TIMELY FILING AND NAMING DEFENDANTS.

Sub-Assignment of Error No. I

SUMMARY JUDGMENT WAS IMPROPER REGARDLESS OF THE LEAVE OF COURT.

7.

Assignment of Error No. III [sic]

SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY SHOULD HAVE BEEN GRANTED IN FAVOR OF THE PLAINTIFF.

## II.  Standard of Review

{¶ 14} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts.  *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989).  The motion may be granted only when it is demonstrated:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.  *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 15} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293,

8.

662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

### III. Law and Analysis

{¶ 16} In her first assignment of error, Harris argues that because the trial court granted her leave to file an amended complaint, this effectively extended the statute of limitations, thereby rendering her claims timely-filed. In a "sub-assignment of error," Harris argues that her amended complaint related back to the date of her original complaint under Civ.R. 15(C) and (D), and was, therefore, timely-filed. And in her third assignment of error, Harris argues that the trial court erred in denying her motion for summary judgment. We address Harris' arguments out of order.

### A. Harris did not properly invoke Civ.R. 15(D).

{¶ 17} In her original complaint, filed before the statute of limitations expired, Harris asserted claims against "Drs. And Nurses John and Jane Doe," claiming that the

9.

defendants' real names could not be determined without conducting discovery. After the statute of limitations expired, with leave of court, she amended her complaint to substitute Andray and Ball for the fictitiously-named defendants. The trial court dismissed Harris' claims against Andray and Ball, finding that Harris (1) knew or should have known Andray and Ball's names, and (2) failed to follow the procedure set forth in Civ.R. 15(D) for filing claims against defendants whose names are unknown. Harris claims that this was error.

{¶ 18} Civ.R. 15(D) describes the process for filing suit when the name of the defendant is unknown:

When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

{¶ 19} If a plaintiff files her complaint within the applicable statute of limitations and follows the specific requirements of Civ.R. 15(D), an amended complaint substituting the fictitious names with the real names of the defendants will relate back to

10.

the time of the original filing of the action. *Laneve v. Atlas Recycling*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, ¶ 11.

{¶ 20} Importantly, however, "Civ.R. 15(D) does not permit a plaintiff to designate a defendant by a fictitious name when the plaintiff actually knows the name of that defendant." *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 23. Rather, "Civ.R. 15(D) applies only when the plaintiff has identified but does not know the actual name of the defendant." *Id.* at ¶ 25. What is more, the Ohio Supreme Court has recognized that a plaintiff who believes she is a victim of malpractice has a duty to investigate and discover the identity of the practitioner who committed the alleged malpractice. *Flowers v. Walker*, 63 Ohio St.3d 546, 550, 589 N.E.2d 1284 (1992). Once a malpractice claim has accrued, "the failure of the plaintiff to learn the identity of an allegedly negligent party does not delay the running of the statute of limitations." *Erwin* at ¶ 26. Civ.R. 15(D) does not relieve a plaintiff of the duty to learn the allegedly negligent party's name, nor does it operate to extend the applicable statute of limitations when a plaintiff has failed to timely identify the culpable parties. *Id.* at ¶ 27.

{¶ 21} Harris and her mother were both deposed in this case. It is clear from their testimony that they immediately believed that Harris had been the victim of malpractice, and they were aware on May 27, 2015, of Andray and Ball's first names: Alex and Dave. Harris' mother—who served as her guardian—requested and was provided Harris'

11.

medical records on June 9, 2015. According to the undisputed summary-judgment evidence, their full names appear in the medical records at least 30 times, and no other non-physician named "Alex" or "Dave" provided care to Harris.

{¶ 22} The trial court held that Harris could not in good faith claim that she did not know Andray and Ball's names, thus she could not rely on Civ.R. 15(D). We agree with the court's conclusion. Andray and Ball's names were either known to Harris or easily capable of being discovered upon even the most cursory of investigations. Harris, therefore, did not properly avail herself of the procedure set forth in Civ.R. 15(D), and her amended complaint did not relate back to the date she filed her original complaint.

{¶ 23} The fact that Harris knew or should have known Andray and Ball's names is dispositive here—it precluded her from utilizing Civ.R. 15(D). But even if Civ.R. 15(D) was properly invoked by Harris, we agree with the trial court that Harris failed to follow the specific requirements of the rule.

{¶ 24} Under Civ.R. 15(D), a complaint against a party whose name is unknown must describe the defendant, and a summons containing the words "name unknown" must be personally served on the defendant. *Erwin*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, at paragraph one of the syllabus. We find that Harris failed to describe or personally serve Andray and Ball, and the summons did not include the words "name unknown" as required by the rule.

12.

{¶ 25} First, it is undisputed that Harris knew Andray and Ball's first names, yet she did not use those names in the complaint. She also did not describe their appearances, identify their positions or the hospital unit in which they worked, or provide any other information that would permit personal service. In fact, the body of Harris' complaint purports to describe only "John Doe" *physicians*—she never attempted to identify any nurse or other provider involved in her treatment that day. Ohio courts have explained that under Civ.R. 15(D), a description must provide enough information for the John Doe defendants to be served. *See Erwin* at ¶ 2; *Whitehead v. Skillman Corp.*, 12th Dist. Butler No. CA2014-03-061, 2014-Ohio-4893, ¶ 11. "An insufficiently identified defendant is a mere 'placeholder,' and Civ.R. 15(D) does not apply to such placeholders." *Pearson v. City of Columbus*, 2014-Ohio-5563, 26 N.E.3d 842, ¶ 25 (10th Dist.). Harris' failure to describe the defendants precludes her from relying on Civ.R. 15(D).

{¶ 26} Second, the summons in this case did not contain the words "name unknown." Harris insists that the phrase used in the summons here—"whose names are unable to be ascertained," "means the same as 'unknown' and thus supports the spirit of the rule." As an initial matter, the summons was not worded "whose names are unable to be ascertained." (See above.) But more importantly, Ohio Supreme Court case law demonstrates that Civ.R. 15(D) must be strictly followed. In *Laneve*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, at ¶ 14, for instance, plaintiff designated certain

13.

defendants as "John Doe, unknown." The court held that this designation failed to meet the specific requirements of Civ.R. 15(D). *Id.* at ¶ 15. *See also Miller v. Am. Family Ins. Co.*, 6th Dist. Ottawa No. OT-02-011, 2002-Ohio-7309, ¶ 37 ("John Doe and/or John Doe, Inc., Plaintiffs' insurer and successor companies or entities thereto. Identities and addresses unknown" did not meet strict requirement that words "name unknown" be used). As in *Laneve,* Harris failed to include the words "name unknown," providing yet another reason that she cannot rely on Civ.R. 15(D).

{¶ 27} Finally, it is undisputed that Harris did not personally serve Andray and Ball. Summonses were issued in their names but served "c/o Mercy St. Charles Hospital" by certified mail. "Certified mail is an improper method of service under Civ.R. 15(D), which specifies that personal service is the only method by which a fictitious, now identified, defendant may be served." *Laneve* at ¶ 17. Harris implicitly acknowledges her failure to abide by this rule, but she cites *Knotts v. Solid Rock Enterprises, Inc.,* 2d Dist. Montgomery No. 21622, 2007-Ohio-1059, which criticizes the personal-service requirement of Civ.R. 15(D). Regardless of this criticism, the rule continues to require personal service. Harris' failure to comply with this requirement, again, prevents her from relying on Civ.R. 15(D).

{¶ 28} Because Harris knew Andray and Ball's names and because she failed to comply with the strict requirements of Civ.R. 15(D), her claims against them were properly dismissed as untimely-filed.

14.

**B. Harris' amended complaint did not relate back under Civ.R. 15(C).**

{¶ 29} Harris captioned her original complaint in the name of the fictitiously-named defendants "*c/o* Mercy St. Charles Hospital." (Emphasis added.) The trial court held that Mercy was not named as a defendant in the original complaint, therefore, her amended complaint did not relate back to the date of the filing of her original complaint. It dismissed Harris' claims against Mercy as time-barred. Harris argues that this was error. She maintains that Mercy was identified as a party in the original complaint.

{¶ 30} Civ.R. 15(C) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

15.

**{¶ 31}** Where the requirements of Civ.R. 15(C) are otherwise satisfied, the rule "may be employed to substitute a party named in the amended pleading for a party misidentified in the original pleading to permit the amended pleading to relate back to the date of the original pleading." *Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 632, 635 N.E.2d 323 (1994). The Ohio Supreme Court has made clear, however, that the rule may not be used "to assert a claim against *an additional party* while retaining a party against whom a claim was asserted in the original pleading." *Id.* at paragraph one of the syllabus. Thus, where a plaintiff attempts to *add* a party to her complaint, not due to mistaken identity, but to assert claims that should have been asserted in the original complaint, the claims will not relate back to the original filing date under Civ.R. 15(C). *Kilko v. Walter*, 8th Dist. Cuyahoga No. 94920, 2010-Ohio-6364, ¶ 19.

**{¶ 32}** Harris argues that Mercy "was listed as a party just was not captioned correctly in the original pleading [sic]." But numerous Ohio courts, including this court, have held that the designation "c/o" in a complaint is insufficient to name an individual as a party defendant.

**{¶ 33}** In *Phh Mtge. Corp. v. Therrien*, 10th Dist. Franklin No. 12AP-312, 2012-Ohio-5307, the plaintiff filed a complaint naming various defendants, including "5872 OREILY DRIVE FORECLOSURE DEFENSE TRUST C/O BRIAN K. URBANSKI TRUSTEE (hereinafter "the trust")." Urbanski participated in the litigation, purporting to file various pro se motions and pleadings on behalf of the trust, but after the plaintiff

16.

alleged that he was engaging in the unauthorized practice of law, he retained counsel who obtained leave to file an amended answer and counterclaim on *Urbanski's* behalf. The plaintiff moved to strike Urbanski's amended answer and counterclaim on the ground that he was not personally a party to the action. The trial court granted the plaintiff's motion and found that Urbanski was not a party to the action. Urbanski appealed. He argued that he was named by virtue of the designation "C/O BRIAN K. URBANSKI TRUSTEE." Citing Civ.R. 10(A), which governs what must be included in captioning a complaint and naming parties, the appellate court found that "such a designation [was] insufficient to individually name him as a party." *Id.* at ¶ 9, citing *Ohio Dept. of Transp. v. Storage World, Inc.*, 9th Dist. No. 11CA0002-M, 2012-Ohio-4437, ¶ 9.

{¶ 34} In *Storage World, Inc.*, the court held that the trial court lacked personal jurisdiction to enter a judgment against the president of the defendant company where the summons was addressed to "Storage World Inc., c/o Michael DeMarco, President." *Id.* The court held that DeMarco "was not named as an individual defendant * * * and was not served a summons that was addressed to him individually." *Id.*

{¶ 35} And in *Smith v. Bassett,* 6th Dist. Ottawa No. OT-96-018, 1996 Ohio App. LEXIS 5167 (Nov. 15, 1996), we held that only one party was named as a defendant in a case captioned "BASSETTS', INC. dba BASSETTS IGA C/O RICHARD G. BASSETT." We found that Richard Bassett was not a party and had been named only to accept service.

17.

**{¶ 36}** Here, as in the cases we have cited, the complaint and summons are addressed "*c/o Mercy St. Charles Hospital.*" Mercy itself was not named a defendant. *See also Heine v. Crall*, 10th Dist. Franklin No. 93AP-65, 1993 Ohio App. LEXIS 2616, *5 (May 18, 1993) (holding that under Civ.R. 10(A), the caption of a complaint must make clear that a person is named as a defendant in the action, and explaining that despite receiving personal service, it is not the duty of the would-be defendant "to peruse the body of the complaint and try to determine whether or not it was a defendant"). Harris' amended complaint naming Mercy as a party, therefore, did not relate back to the date of the filing of the original complaint because it was not an "amendment *changing* the party against whom a claim is asserted"—it purported to *add* a party. The claim against Mercy was, therefore, properly dismissed as time-barred.

### C. The trial court could not extend the statute of limitations.

**{¶ 37}** In her first assignment of error, Harris claims that the statute of limitations for filing claims against the Mercy defendants was extended when the magistrate granted her leave to amend her complaint. The Mercy defendants counter that (1) Harris failed to raise this argument in the lower court and has, therefore, waived it for purposes of appeal; and (2) the trial court lacks the authority to extend the applicable statute of limitations.

**{¶ 38}** The Ohio Supreme Court has made clear that establishing the statute of limitations for a cause of action "is the province of the legislative, not the judicial, branch of government." *Erwin*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 4. It

18.

emphasized in *Erwin* that "[n]either the Rules of Civil Procedure nor our case law ought be interpreted or understood to set policy or change existing statutes of limitation for causes of action." *Id*. *See also Estate of Adams*, 2013-Ohio-5824, 6 N.E.3d 673, ¶ 19 (11th Dist.) ("[A]lthough a court possesses the discretion to grant a motion to extend, it does not have the authority to sua sponte extend the statute of limitations set forth under R.C. Chapter 2106 for a surviving spouse to exercise his or her elective rights. The extension was therefore legally invalid."). The magistrate's decision granting Harris leave to amend her complaint under Civ.R. 15(A) could not operate to extend the statute of limitations.

{¶ 39} Harris cites two cases that she claims support her position that a trial court can extend the applicable statute of limitations by granting leave to amend: *Boley v. Knowles*, 905 S.W.2d 86 (Mo.1995), a Missouri case, and *Merkosky v. Wilson*, 11th Dist. Lake No. 2008-L-017, 2008-Ohio-3252.

{¶ 40} In *Boley,* a minor sued a physician for malpractice and her mother joined the action in her individual capacity. The mother sought to amend her complaint to add a claim for medical expenses. Her motion was denied because her claim was barred by the applicable statute of limitations. The minor then sought leave to amend the complaint to add a claim for those same expenses. The trial court denied the motion, holding that to grant leave to the minor to amend her complaint "would effectively extend the statute of limitations that barred her mother's claim." *Id.* at 88. The question the appellate court

faced was whether the claim for medical expenses belonged exclusively to the parents—in which case, the claim was lost because the statute of limitations had expired—or whether the minor could assert the claim. It found that the minor could, in fact, assert the claim for medical expenses, thus the claim was not barred by the statute of limitations.

{¶ 41} Aside from being non-binding on this court, *Boley* does not stand for the proposition that a court's order granting leave to amend a complaint extends the statute of limitations for a claim that would otherwise be barred as untimely.

{¶ 42} In the second case cited by Harris, *Merkosky,* the plaintiff filed a claim for legal malpractice. The defendant moved for summary judgment, arguing that plaintiff's complaint was not filed within the one-year statute of limitations. Plaintiff sought leave to amend his complaint, alleging that new facts supported his claims; however, none of those new facts feasibly altered the last day by which plaintiff knew of the alleged malpractice. The trial court granted summary judgment in favor of defendant on the basis that plaintiff's claims were time-barred, and denied plaintiff's motion for leave to amend because the proposed amended complaint would not alter the result of the litigation. The appellate court affirmed.

{¶ 43} Harris apparently believes that *Merkosky* stands for the proposition that where a motion for leave to amend is denied, "the statute of limitations remain[s] in place," and conversely, where a motion is granted, the statute of limitations is extended. That is not how it works. Courts lack the authority to extend the statute of limitations

20.

imposed by the legislature. While it is certainly appropriate to deny leave to amend a complaint on the basis that the amended complaint states claims that are time-barred — especially where, as in *Merkosky,* summary-judgment motions had already been filed based on the statute of limitations defense—it does not stand to reason that a court's decision granting leave to amend cures a plaintiff's failure to timely file her claims.[6]

{¶ 44} We reject Harris' claim that the magistrate's order granting leave to amend her complaint extended the applicable statute of limitations.

{¶ 45} Because Civ.R. 15(C) and (D) were not properly utilized by Harris, and because the trial court lacked authority to extend the statute of limitations, we find that Harris' claims against the Mercy defendants were time-barred and properly dismissed. We, therefore, find her first assignment of error and her "sub-assignment of error" not well-taken. Because of our disposition of these assignments of error, we need not proceed to her third assignment of error.

## IV. Conclusion

{¶ 46} We find Harris' first assignment of error and her "sub-assignment of error" not well-taken. In light of our rulings on these assignments of error, we need not consider her third assignment of error. We affirm the August 15, 2017 judgment of the

---

[6] This is especially true where, as here, the statute of limitations had expired before leave was granted. Certainly a trial court has no authority to resurrect a claim after the statute of limitations has already expired.

21.

Erie County Court of Common Pleas.  Harris is ordered to pay the costs of this appeal

under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                      _____
                                                          JUDGE
James D. Jensen, J.

                                                _____
Christine E. Mayle, P.J.                           JUDGE
CONCUR.

                                                _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.